Clarence Ray BIDDY, Appellant,

v.

The STATE of Texas, Appellee.

No. 47682.

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

John T. Higgins, Lampasas, for appellant.

Joe Carroll, Dist. Atty, Richard J. Petronis, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

On July 26, 1971, appellant entered a plea of guilty to the offense of breaking and entering a house; punishment was assessed at eight years. The imposition of the sentence was suspended and probation granted. One of the terms and conditions of his probation was that he commit no offense against the laws of this state.

On October 4, 1972, a motion to revoke probation was filed. The allegations set out that appellant: (1) on or about the 17th day of July, 1972, did then and there unlawfully break and enter a motor vehicle owned by Andrew G. Gaddy and (2) on or about the 15th day of May, 1972, did then and there fraudulently take one welder from the possession of Oscar Baker. Appellant filed a motion to dismiss on October 10, 1972, when the motion to revoke in question came up for a hearing. The state at this hearing asked for a continuance, which was granted. On October 19, 1972, the state filed an amended motion, alleging in addition to the two previously stated grounds, that appellant on or about the 14th day of August, 1971, did then and there unlawfully break and enter a house and fraudulently take therefrom corporeal personal property belonging to Charles Gillen. A complaint against appellant charging him with this third offense was filed on October 12, 1972. This complaint, which was admitted into evidence as Defendant's Exhibit No. 2, alleged that appellant on or about the 14th day of August, 1971, did then and there unlawfully break and enter Gillen's Army Surplus and did then and there fraudulently take one knife, twenty-four Indian head pennies, and five old nickels, of a value less than $50.00. A hearing was held on October 24, 1972, on the state's amended motion, after which the trial judge revoked appellant's probation for the "Gillen Burglary."

Appellant contends that the trial court abused its discretion in revoking his probation because there was insufficient evidence to support its finding that he violated the condition relied upon. We agree and the judgment will be reversed.

The trial court expressly gave credence to the testimony of M. R. Simmons, Chief of Police of Lampasas, and such testimony is the only evidence upon which the challenged finding could rest. He testified that on August 14, 1971, he was called to investigate a break-in at Gillen's Army Surplus Store; that someone had broken into the store by using force to open the back door; that some Indian head pennies, old nickels, and a few "Tree Brand" knives, along with a watch or two, had been taken; that he talked to appellant on August 28, 1972, while he was in jail; that appellant at that time made an oral confession to the burglary of the Charles Gillen Surplus Store; and that appellant also made a written statement.[1] The trial judge asked Chief Simmons if he recovered from appellant any articles which were identified as having come from the Gillen Store. Simmons answered by stating: "Yes, the articles were recovered from him and his brother." However, Simmons later testified that all of the articles stolen in the Gillen burglary were given to him on or about *August the 21st, 1971,* by appellant's mother, except for a knife which an unidentified *"someone brought in."* He stated that appellant's mother told him she bought the items for one dollar from "Gary," who was apparently appellant's step-brother.

We conclude that under the facts in this cause the trial judge abused his discretion in revoking appellant's probation. The record simply does not reflect that there was sufficient evidence to show that appellant violated the term and condition of his probation that he commit no offense against the laws of this state. Even relying solely upon the testimony of the state's witness, the only evidence that appellant committed the offense relied upon for revocation is the alleged oral confession which did not produce any additional evidence or corroborative circumstances indicative of his guilt.

The judgment is reversed and the cause remanded.

---

[1] The written statement in question was admitted into evidence as State's Exhibit No. 1. The contents of this statement relate to some of the activities of appellant and his friends, which activities are in no way related to the offense here in question. For example, appellant stated in the statement: "This Cook character tried to sell a friend of mine some marijuana. I don't know his name or where he lives. . . . He is a young man about in his 20's."