Pete Thomas **SCAMARDO**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 49198.**

Court of Criminal Appeals of Texas.

Oct. 30, 1974.

Rehearing Denied Jan. 22, 1975.

Percy Foreman and Dick DeGuerin, Houston, Eduardo R. Rodriguez, Brownsville, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant appeals from a revocation of his probation. He was convicted on March 31, 1970, as an accomplice to murder, and his punishment was assessed by the jury at seven years' imprisonment; the jury recommended that probation be granted, and the appellant was placed on probation. The trial court found that the appellant had committed the offense of perjury, a violation of the condition of probation that he would not commit an offense against the laws of this State, and entered an order revoking probation. The appellant urges that the trial court abused its discretion in revoking probation.

The indictment charging the appellant as an accomplice to murder alleged that the appellant paid Charles Harrelson $2,000 to kill Sam Degelia, Jr., the appellant's business partner. The perjury for which revocation of probation is sought is alleged to have been committed by the appellant in Harrelson's trial for the murder of Degelia. The trial, held during November and December, 1971, resulted in a mistrial. In six paragraphs the State's motion to revoke probation alleged assignments of perjury, and the motion also alleged that appellant had committed adultery. The trial judge found the adultery allegation was not supported by sufficient evidence at a hearing on the motion on October 2, 1973. At a hearing on January 14, 1974, the trial judge made an oral finding that five of the paragraphs alleging perjury assignments were not supported by sufficient evidence. The court found one assignment of perjury was supported by the evidence, and the appellant's probation was revoked for that reason.

The State alleged in paragraph VII of the motion to revoke probation that at the Harrelson trial, while appellant was testifying:

" . . . it then and there became and was a material issue before said Judge and jury in the trial of said judicial proceeding, whether about the middle of November, 1968, the brakes on the 1969 Oldsmobile belonging to Pete Thomas Scamardo went out while he was driving from the Scamardo Gin, near Caldwell, Texas, to Hearne, Texas, in company with Charles Harrelson in another car, and whether Pete Thomas Scamardo left his automobile parked in the parking lot on the same day at the Oldsmobile dealers in Hearne, Texas, to have said brakes repaired; and the said Pete Thomas Scamardo, did then and there, before said Judge and jury, upon the trial of said Cause, under the sanction of said oath administered to him as aforesaid, wilfully and deliberately state and testify that about the middle of November, 1968, the brakes on the 1969 Oldsmobile belonging to Pete Thomas Sca-

mardo failed while en route from the Scamardo Gin, near Caldwell, Texas, while accompanied by Charles Harrelson, and that he, Pete Thomas Scamardo, parked said automobile on a parking lot at the Oldsmobile dealership in Hearne, Texas, so that the brakes could be repaired, which said statements were material to the issues in said cause and which said statements were deliberately and wilfully false, as he, the said Pete Thomas Scamardo, then and there knew when he so made the same; whereas in truth and in fact in November, 1968, at said time and place, Pete Thomas Scamardo had no trouble with his brakes, and in truth and in fact he did not leave his said automobile at the Oldsmobile dealership in Hearne, Texas, to have the brakes repaired . . ."

The order revoking probation recites:

"The Court finds that the statements alleged in the State's Petition to Revoke under Paragraph VII were made by the Probationer, that the same were false and constituted perjury, and that the same were material to the issues involved in the trial. The Court further finds that the foregoing is a violation of Condition "a" of said Order placing the Defendant on probation, namely: the Defendant shall 'commit no offense against the laws of this State or of any other State or of the United States.' "

The evidence offered which the State says supports the order of revocation is as follows. Harrelson, several months after the murder of Sam Degelia, Jr., was arrested in Atlanta, Georgia, driving the appellant's 1969 Oldsmobile. The appellant testified that he met Harrelson at the Scamardo cotton gin near Caldwell to discuss some prior business dealings. They left the gin and were driving toward Hearne, the appellant in his Oldsmobile ahead of Harrelson who was driving a rented Ford. As he approached the intersection where Highway 50 ends and forms a T-intersection with Highway 79, the appellant testified his brakes failed and he was not able to stop but ran off Highway 50, across Highway 79 and finally came to rest on a short gravel road. He then followed Harrelson into Hearne at a low rate of speed, parked his car at Brazos Auto Sales, the Oldsmobile dealership, and left the keys under the floor mat. The garage was closed so the appellant went to a cafe across the street and called Sam Altimore, the owner, to ask him to have the car repaired the following morning. Although the appellant did not reach him at that time, he did talk to Altimore later that evening and told him that the brakes had gone out. Harrelson left the appellant at the Oldsmobile dealership and the appellant took a taxicab home.

Harrelson testified at his trial to substantially the same facts. He said he later that evening took the car from the Oldsmobile dealership parking lot without the appellant's knowledge or permission. He drove it to a nearby service station which had a mechanic on duty. The mechanic put the car on the service rack, replaced a brake *hose* which had a hole in it, and filled the master cylinder with brake fluid. Harrelson was arrested in Atlanta a week later.

At the hearing on the motion to revoke probation, the State called Joe Daisa, a former insurance adjuster who, in 1968, handled the appellant's claim for recovery for the theft of his car. There was introduced into evidence a statement, taken by Daisa and signed by the appellant, which said the appellant had been with his wife, returning from dinner in Bryan, Texas, when he had had brake trouble with his Oldsmobile and left it at Brazos Auto Sales for repair the following day, unlocked and with the keys on the floor. There was no mention of Harrelson or the return from the Scamardo cotton gin in the statement. While the testimony and the statement are not entirely consistent, the State, as limited by their motion to revoke probation, sought to prove that the appellant had perjured himself only when

he said he had brake trouble and that he had not left the car at the Brazos Auto Sales for the sole purpose of having the brakes repaired. The statement made for insurance purposes does not contradict the appellant's claim of brake failure in any way; only that the appellant was accompanied by his wife at the time of his trouble, rather than Harrelson. That is an issue upon which there is no question of perjury. The appellant's statement to Daisa does not enhance the State's contention that he committed the perjury alleged in paragraph seven of the motion. Daisa testified that the statement was probably typed by him from notes from a conversation with the appellant and signed by the appellant without reading. There is no claim by Daisa of its infallibility; only that it satisfied the requirements of the insurance company. It is not evidence that the appellant lied when testifying that he had had brake trouble.

Freddy Moss, a close friend of both the appellant and the deceased, testified that, while driving with the appellant after the alleged brake failure, the appellant told him that his brakes had gone out, that his car had been left at "the Oldsmobile place in Hearne," and that the failure took place when appellant was *returning to* Bryan, Texas—yet a third version of the place of the failure but still not contradicting the basic testimony challenged that the brakes did indeed fail.

The State called two mechanics who were familiar with the 1969 Oldsmobile. The first was Michael Muth, service manager of Brown-Allen Motor Company in Bryan, Texas, who first inspected the car upon its return from Atlanta. He testified that it did not appear to him that the brakes had ever been repaired. However, on cross-examination he admitted he had only inspected the brake *lines* and not the brake *hoses* that Harrelson testified had been repaired. Muth could not say that the hoses had not been replaced. Muth described the pertinent parts of the brake system as a master cylinder, which is a reservoir for the brake fluid, with two sep-

arate sections, one for the front brakes and one for the back, and a series of brake hoses and lines. The brake lines are metal tubes which run the length of the automobile, carrying the fluid to all four wheels. The brake hoses are flexible rubber hoses which attach the brake lines to the front wheels to allow them to turn. Muth testified that, in his opinion, the brake master cylinder had never been tampered with (the cylinder would have to be opened to add brake fluid). Muth based this conclusion on his observation that the bolts attaching the master cylinder to the firewall had no chipped paint on them and did not appear to have been removed. He said the top of the master cylinder was secured by a bail type spring.

Another State's witness, Bill Fawcett, service manager for an Oldsmobile dealership in McAllen, Texas, testified that in order to refill the master cylinder with fluid one need only remove the bail type spring and lift the top. It is unnecessary to unbolt the master cylinder from the firewall unless repair is to be made to the cylinder itself. Both Fawcett and Muth testified to the amount of stopping power remaining if all the fluid for the front brakes, as alleged here, was lost. Muth said that there would be no brakes while Fawcett said the front brakes controlled 70–80% of the automobile's stopping power. None of this evidence contradicts any given by the appellant.

There was conflicting testimony as to whether or not there was brake fluid damage on the exterior of the car. The Texas Ranger who drove the car from Atlanta, O. L. Luther, and Muth said the car appeared unscathed, while Daisa and Sam Altimore, owner of the Brazos Auto Sales, testified they had indeed seen the damage. This evidence does not contradict anything testified to by the appellant.

The appellant says that the testimony alleged to be perjurious was not material to any issue on trial and that since only testimony which is material may be

successfully assigned as perjury, Art. 307, Vernon's Ann.P.C., there could not be a finding that he had committed the offense of perjury. We reject this contention. There was an issue of whether Harrelson used the Oldsmobile to flee and escape from the jurisdiction of this State where the offense is alleged to have been committed. Evidence of flight is a circumstance from which an inference of guilt may be drawn. Clayton v. State, 493 S.W.2d 526 (Tex.Cr.App.1973); Hodge v. State, 506 S.W.2d 870 (Tex.Cr.App.1974). Further, the State's theory at Harrelson's trial was that the appellant was an accomplice of Harrelson's. Whether the appellant had given the Oldsmobile to Harrelson or whether Harrelson had stolen the automobile was material to the issue of their collusion.

The appellant also says there is insufficient evidence to support the State's allegations and the court's finding that the appellant committed perjury.

■ This Court has not delineated definitively the quantum of evidence necessary to support an order of revocation of probation. It has been held by a majority that the evidence need not show proof beyond a reasonable doubt. Kelly v. State, 483 S.W.2d 467 (Tex.Cr.App.1972). On the other hand, a trial judge is not accorded absolute discretion in the decision to revoke. Probation, although not granted as a matter of right, Art. 42.12, § 3, Vernon's Ann.C.C.P.; Smith v. State, 468 S.W.2d 828 (Tex.Cr.App.1971), may not be terminated without an affirmative finding of a violation of a condition of probation. Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970); Wozencraft v. State, 388 S.W.2d 426 (Tex.Cr.App.1965). That finding must undoubtedly be supported by some degree of sufficient evidence. Kubat v. State, 503 S.W.2d 258 (Tex.Cr.App. 1974); Whitney v. State, 472 S.W.2d 524 (Tex.Cr.App.1971); Padillo v. State, 420 S.W.2d 712 (Tex.Cr.App.1967). While requiring *some* evidence, this Court has nev-

er specifically held what degree of proof is necessary. See and compare reversals in Kubat v. State, supra; Biddy v. State, 501 S.W.2d 104 (Tex.Cr.App.1973); Vela v. State, 491 S.W.2d 435 (Tex.Cr.App.1973); Rehwalt v. State, 489 S.W.2d 884 (Tex. Cr.App.1973); Ford v. State, 488 S.W.2d 793 (Tex.Cr.1972); Nichols v. State, 479 S.W.2d 277 (Tex.Cr.App.1972); Gormany v. State, 486 S.W.2d 324 (Tex.Cr.App. 1972).

■ The revocation hearing is not a criminal trial, Branch v. State, 465 S.W.2d 160 (Tex.Cr.App.1971), no jury is required, Art. 42.12, § 8, V.A.C.C.P., and accordingly a different standard of proof, providing different protection to the defendant, based on the wisdom and experience of the trial court, may be required. The American Bar Association Project on Standards for Criminal Justice has recommended the "establishment of the violation [of the probationary conditions] by the government by a preponderance of the evidence." American Bar Standards Relating to Probation, § 5.4(iii) (Approved Draft 1970). A recent Fifth Circuit case, whose standard the State urges as correct, held:

> "A revocation of probation does not require proof sufficient to sustain a criminal conviction. All that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of the probation."

United States v. Garza, 484 F.2d 88 (5th Cir. 1973). Other jurisdictions are in agreement that something less than proof beyond a reasonable doubt is required to sustain a probation revocation. See, e. g., People v. Youngs, 23 Cal.App.3d 180, 99 Cal.Rptr. 901 (1972); People v. Smith, 105 Ill.App.2d 14, 245 N.E.2d 13 (1969); People v. Valle, 7 Miss.2d 125, 164 N.Y.S.2d 67 (Ct.Spec.Sessions 1957). Indeed, some refer specifically to the standard as "preponderance of the evidence." People v. Smith, supra.

In an attempt to assure uniformity of decisions and to furnish guidance for trial courts, we hold that an order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation. The State is required to sustain the burden of proving the allegations of the motion to revoke probation.

There is no direct evidence to prove the State's allegations. The State relies upon circumstantial evidence attempting to show that the appellant "had no trouble with his brakes and in truth and in fact he did not leave the said automobile at the Oldsmobile dealership in Hearne, Texas, to have the brakes repaired."

The only evidence from which it might be inferred that the appellant "had no trouble with his brakes" is Muth's conclusion that the brakes had never been repaired and that the master cylinder had not been tampered with. However, Muth admitted that he had not inspected the brake hoses and could not testify as to whether they had been fixed. Further, as stated above, Muth's conclusion about the master cylinder was based on the condition of the bolts holding it to the firewall. However, Harrelson's testimony was not that the master cylinder had been repaired, but that the mechanic had only added brake fluid. To add brake fluid, the top of the cylinder is removed by dislodging the bail type spring. The bolts need not be touched and their condition at the time Muth inspected them would have no bearing on the truth of the appellant's testimony.

This evidence does not prove the State's allegations by a preponderance of the evidence; in fact, there is no evidence directly supporting the State. We therefore find the evidence insufficient to support the trial court's findings, and it was an abuse of discretion to enter the order revoking the appellant's probation.

Under the facts of this case, we do not find it necessary to determine the applicability of the corroboration requirements for perjury convictions, Art. 38.18, V.A.C.C.P., to probation revocation hearings. Cf. Moreno v. State, 476 S.W.2d 684 (Tex.Cr.App.1972); Casarez v. State, 468 S.W.2d 412 (Tex.Cr.App.1971).

At the hearing on January 14th, the trial court read into the record oral findings on each paragraph of the motion to revoke probation. There were no findings in the written order other than on paragraph VII, the paragraph upon which probation was revoked. In the oral findings, the trial court found as to paragraph IV that:

"... the statements made by Probationer, to-wit, that he, Pete Thomas Scamardo, did not drive (the rented car) it to Houston, Texas, were false and perjurious. However, the Court finds that this statement was not material to the issues involved in the trial and otherwise the Court finds there is not sufficient evidence to warrant revocation of probation under paragraph four." (Emphasis supplied).

The State seeks to have this Court overrule that finding, asserting that materiality is purely a matter of law, citing Davidson v. State, 22 Tex.App. 372, 3 S.W. 662 (1886), and subject to appellate review. The State, however, overlooks the fact that the trial court found that the evidence supporting the allegation of paragraph IV was "... not sufficient evidence to warrant revocation of probation ..." On that basis, we reject this contention.

Reversed and remanded.

Opinion approved by the Court.

ONION, Presiding Judge (concurring in part and dissenting in part).

I concur in the result reached, but dissent to that portion of the opinion declaring the burden of proof in a revocation of probation proceeding to be "by a prepon-

derance of the evidence." I remain convinced that the proper burden of proof is "beyond a reasonable doubt" for the reasons stated in my dissenting opinion in Kelly v. State, 483 S.W.2d 467, 473 (Tex. Cr.App.1972).