TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00093-CR






Robbie Eugene Hubbard, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0963485, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







Appellant pleaded guilty to possessing methamphetamine. See Tex. Health & Safety Code
Ann. § 481.112 (West Supp. 1998). The district court adjudged appellant guilty and assessed punishment
at imprisonment for five years, but suspended imposition of sentence and placed appellant on community
supervision. The court later revoked supervision and imposed sentence after finding that appellant violated
the conditions of his supervision by failing to attend Alcoholics Anonymous meetings and by possessing
more than five pounds of marihuana. In his only point of error, appellant contends the evidence does not
support these findings. We will affirm.

Austin police officer Martin Taylor testified that he was working as a narcotics officer on
November 19, 1996. He was sent to an apartment complex on that date to await the arrival of appellant
and a woman. Taylor had a warrant for appellant's arrest issued in Live Oak County. Appellant and the
woman arrived at the complex in a red automobile driven by appellant and entered an apartment. Later,
appellant left the apartment carrying a black duffle bag. He threw the bag into the back of the red car. 
Taylor said that the bag landed with a "thump." Taylor testified, "I have heard in the past that when a
thump sounds like that, it is usually bales or bundles of marihuana." Taylor approached appellant and
ultimately arrested him. During the course of this encounter, Taylor first felt the outside of the duffle bag. 
He said the contents felt like bundles of marihuana. Taylor later opened the bag and found what he
identified as three duct-taped bundles of marihuana weighing approximately seven pounds. Appellant does
not challenge the arrest or search.

Appellant gave a written statement in which he said that he and the woman had agreed to
deliver a package for a friend. He claimed in his statement that neither he nor the woman knew the
contents of the duffle bag. Taylor testified that after appellant signed his written statement, he told the
officer spontaneously that "he gets his high off selling drugs rather than using drugs." Appellant had $2605
in cash at the time of his arrest.

The State must prove the allegations in a motion to revoke community supervision by a
preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). That
burden is met if the greater weight of the credible evidence creates a reasonable belief that the defendant
violated a condition of his probation. Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). 
At a revocation hearing, the trial court is the judge of the credibility of the witnesses and weight to give their
testimony, and an appellate court must view the evidence in the light most favorable to the trial court's
findings. Garret v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Proof of one of the alleged
violations is sufficient to support a revocation order. Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim.
App. 1980).

Appellant's challenge to the sufficiency of the evidence rests on the contention that the State
failed to prove that the suspect substance was truly marihuana. Appellant complains that the State offered
neither scientific proof that the substance was marihuana nor evidence that Taylor was qualified to identify
marihuana. Appellant did not, however, object to Taylor's identification of the substance or test his ability
to recognize marihuana. Taylor testified that he had been a police officer for five years and was assigned
to the narcotics interdiction unit. The district court could reasonably infer that Taylor had training and
experience recognizing controlled substances. An experienced police officer's opinion that a substance was
marihuana has been held sufficient to sustain a revocation order. Houlihan v. State, 551 S.W.2d 719, 724
(Tex. Crim. App. 1977). Taylor's opinion that the substance was marihuana was circumstantially bolstered
by the way in which the substance was packaged, by appellant's statement that he "gets his high" selling
drugs, and by appellant's possession of a large quantity of cash. We conclude that the greater weight of
the credible evidence created a reasonable belief that appellant knowingly possessed marihuana in violation
of the conditions of his community supervision. Finding adequate support for the revocation of supervision
on this ground, we do not address appellant's challenge to the court's other finding. 

The order revoking community supervision is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: February 12, 1998

Do Not Publish



x. Health & Safety Code
Ann. § 481.112 (West Supp. 1998). The district court adjudged appellant guilty and assessed punishment
at imprisonment for five years, but suspended imposition of sentence and placed appellant on community
supervision. The court later revoked supervision and imposed sentence after finding that appellant violated
the conditions of his supervision by failing to attend Alcoholics Anonymous meetings and by possessing
more than five pounds of marihuana. In his only point of error, appellant contends the evidence does not
support these findings. We will affirm.

Austin police officer Martin Taylor testified that he was working as a narcotics officer on
November 19, 1996. He was sent to an apartment complex on that date to await the arrival of appellant
and a woman. Taylor had a warrant for appellant's arrest issued in Live Oak County. Appellant and the
woman arrived at the complex in a red automobile driven by appellant and entered an apartment. Later,
appellant left the apartment carrying a black duffle bag. He threw the bag into the back of the red car. 
Taylor said that the bag landed with a "thump." Taylor testified, "I have heard in the past that when a
thump sounds like that, it is usually bales or bundles of marihuana." Taylor approached appellant and
ultimately arrested him. During the course of this encounter, Taylor first felt the outside of the duffle bag. 
He said the contents felt like bundles of marihuana. Taylor later opened the bag and found what he
identified as three duct-taped bundles of marihuana weighing approximately seven pounds. Appellant does
not challenge the arrest or search.

Appellant gave a written statement in which he said that he and the woman had agreed to
deliver a package for a friend. He claimed in his statement that neither he nor the woman knew the
contents of the duffle bag. Taylor testified that after appellant signed his written statement, he told the
officer spontaneously that "he gets his high off selling drugs rather than using drugs." Appellant had $2605
in cash at the time of his arrest.

The State must prove the allegations in a motion to revoke community supervision by a
preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). That
burden is met if the greater weight of the credible evidence creates a reasonable belief that the defendant
violated a condition of his probation. Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). 
At a revocation hearing, the trial court is the judge of the credibility of the witnesses and weight to give their
testimony, and an appellate court must view the evidence in the light most favorable to the trial court's
findings. Garret v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Proof of one of the alleged
violations is sufficient to support a revocation order. Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim.
App. 1980).

Appellant's challenge to the sufficiency of the evidence rests on the contention that the State
failed to prove that the suspect substance was truly marihuana. Appellant complains that the State offered
neither scientific proof that the substance was marihuana nor evidence that Taylor was qualified to identify
marihuana. Appellant did not, however, object to Taylor's identification of the substance or test his ability
to recognize marihuana. Taylor te