No. 04-99-00346-CR


David GARCIA,


Appellant



v.



The STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court No. 95-CR-2030


Honorable Philip A. Kazen, Jr., Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice

 

Delivered and Filed: November 8, 2000 


AFFIRMED


 David Garcia ("Garcia") was convicted of felony driving while intoxicated in September of
1995. In February of 1999, the State moved to revoke Garcia's probation, alleging that he had
violated four conditions of his probation. The trial court found that Garcia had violated each of the
conditions as alleged and revoked Garcia's probation. Garcia challenges the legal sufficiency of the
evidence to support the trial court's findings that Garcia violated the conditions of his probation.
We affirm the trial court's judgment.

Standard of Review


 An order revoking probation must be supported by a preponderance of the evidence. See
Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App.1974); Rodriguez v. State, 2 S.W.3d 744,
746 (Tex. App.--Houston [14th Dist.] 1999, no pet.). In applying this standard, the greater weight
of the credible evidence must create a reasonable belief that the defendant violated a condition of
his probation. See Scamardo, 517 S.W.2d at 298; Rodriguez, 2 S.W.3d at 746. When the
sufficiency of the evidence is challenged, the evidence is viewed in a light most favorable to the trial
court's findings. See Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981);
Rodriguez, 2 S.W.3d at 746. The trial court is the sole judge of the credibility of the witnesses and
the weight to be given their testimony. See Naquin v. State, 607 S.W.2d 583, 586 (Tex. Crim. App.
[Panel Op.] 1980); Rodriguez, 2 S.W.3d at 746. Appellate review of an order revoking probation
is limited to a determination of whether the trial court abused its discretion. See Flournoy v. State,
589 S.W.2d 705, 709 (Tex. Crim. App. [Panel Op.] 1979); Rodriguez, 2 S.W.3d at 746.

 Proof by preponderance of the evidence on any one of the alleged violations of the conditions
of probation is sufficient to support the order of revocation. See Sanchez v. State, 603 S.W.2d 869,
871 (Tex. Crim. App. [Panel Op.] 1980); Rodriguez, 2 S.W.3d at 746. When several violations are
found by the court, the order revoking probation will be affirmed if the proof of any allegation is
sufficient. See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980);
Rodriguez, 2 S.W.3d at 746.

Discussion


 In his first point of error, Garcia challenges the sufficiency of the evidence to support the trial
court's finding that he violated the first condition of his probation by committing the offense of
driving while intoxicated on February 17, 1999. Deputy John Valadez testified at the revocation
hearing. Deputy Valadez stated that he had been assigned to the DWI Traffic Unit for two years and
had specialized training in HGN. On February 17, 1999, Deputy Valadez observed a truck make a
left turn onto the road on which Deputy Valadez was traveling. Deputy Valadez testified that the
driver made a wide turn that carried the truck onto the shoulder of the road. The driver continued
to drive halfway on the shoulder and halfway on the road and "kind of weaved or snaked down the
road." As the driver approached a school zone, which required vehicles to reduce their speed during
school hours, the driver braked to 35 miles an hour even though it was 10:30 at night, and the driver
continued "the weaving/drifting thing." Deputy Valadez activated his lights and pulled the driver
over. Garcia identified himself as the driver. Deputy Valadez asked Garcia to step to the rear of the
vehicle. Deputy Valadez smelled the odor of intoxicants and noticed that Garcia staggered as he
walked toward the rear of the vehicle. Garcia was swaying back and forth as he stood by Deputy
Valadez. Deputy Valadez performed an HGN test and observed all six clues of HGN in Garcia's
eyes. Deputy Valadez asked Garcia to perform the walk-and-turn test and observed that Garcia was
unable to stand heel to toe without losing his balance and staggered when he attempted to walk.
Deputy Valadez also asked Garcia to perform the one-leg-stand test. Although Deputy Valadez
asked Garcia to wait until he told him to begin, Garcia began trying to perform the test before he was
instructed to do so. In addition, Garcia continually lost his balance. Deputy Valadez arrested Garcia
for driving while intoxicated. After Garcia was transported to jail, he refused to submit a breath test
and refused to perform the sobriety tests while being videotaped. Deputy Valadez also testified that
Garcia was confused or lost because the location to which he said he was traveling was not in the
vicinity in which he was stopped. Deputy Valadez stated that in his opinion Garcia has lost the
normal use of his mental and physical faculties to operate a motor vehicle. During cross-examination, Deputy Valadez stated that Garcia's clothes appeared orderly, Garcia was polite, and
Garcia's speech was not slurred. However, Deputy Valadez did not agree that based on those facts
Garcia was not intoxicated.

 Garcia contends that the evidence was insufficient because Deputy Valadez never testified
that he was certified to administer the HGN or field sobriety tests. However, Deputy Valadez did
testify regarding his training, and Garcia did not challenge Deputy Valadez's qualifications as an
expert at the hearing. Garcia also contends that the evidence is insufficient to prove that the offense
he committed was a third driving while intoxicated offense. However, the judgment placing Garcia
on probation in the cause before the court reflects that Garcia's original conviction was for a third
offense; therefore, evidence was before the court that Garcia violated the conditions of his probations
by committing a felony offense of driving while intoxicated, which is the only relevance in alleging
a third offense.

 The evidence was sufficient to support the trial court's finding that Garcia violated the first
condition of his probation by committing a felony offense of driving while intoxicated. Because
proof of one of the violations is sufficient to support the order of revocation, we do not reach
Garcia's other points of error.

Conclusion


 The trial court's judgment is affirmed.

 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH