In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00047-CR


______________________________




DEBRA ROBINSON A/K/A DEBRA ROBINSON GROGAN, DEBRA
JUANITA ONEY, DEBRA ROBINSON GREENE, 

AND DEBRA ALLEN GROGAN ROBINSON, Appellant


V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 2004-F-00170




 




Before Carter, Moseley and McCloud,* JJ.


Memorandum Opinion by Justice Moseley



_________________

*Austin McCloud, Justice, Sitting by Assignment

MEMORANDUM OPINION



 Debra Robinson Grogan (1) appeals from the revocation of her community supervision. After
having been found guilty on February 7, 2005, of driving while intoxicated-subsequent offense, she
was placed on community supervision for ten years. A year and a half later, she was again arrested
for driving while intoxicated. The trial court found that she had violated the terms of her community
supervision by committing a criminal offense, revoked her community supervision, and sentenced
her to eight years' imprisonment.

 Grogan contends that the evidence is insufficient to support the trial court's finding that she
had violated the terms of her community supervision and that her oral statements made to police
should not have been admitted as evidence. 

 Grogan was found walking down a rural highway during the pre-dawn hours of the morning,
at about 3:00 a.m. Officer Josh Mason, who was on his way to the scene of a reported one-vehicle
accident, saw her walking about a mile from the site of the accident and stopped to talk to her. 
Mason testified that Grogan first stated that she had a flat tire and had parked the car at someone's
house. Mason described her balance as being poor and testified that when he approached Grogan,
her speech was slurred and that he smelled a strong odor of alcohol. He then performed a nystagmus
test (which she failed); in performing the one-legged stand test, she was unable to maintain her
balance. He requested that she accompany him to the site of the reported accident and she complied. 
When they arrived at the scene of the accident, he discovered her vehicle in a ditch with the keys in
the ignition, having a broken window and a flat tire. While at the accident site, Grogan changed her
story about having had a flat tire and having left the car, and stated, instead, that she had wrecked
the car while avoiding a deer in the road. 

 At the revocation hearing, Grogan's daughter, Roxanne Grogan, testified that they had been
on their way to clean the house of a long-haul truck driver and that she had been driving her mother's
car because Grogan was ill with a fever and cough. Roxanne's version of events that night was that
she had swerved to avoid hitting a deer; in doing so, she had lost control of the car and had driven
into a ditch. As a result of this accident, the tire had been blown out and a window broken. Roxanne
further related that she and Grogan had argued after the accident and that because of the argument,
she and Grogan had walked in separate directions away from the wrecked automobile. She also
testified that she had been with her mother continually since 6:30 the night before the accident and
that Grogan had not consumed any alcohol during that time. She attributed Grogan's demeanor the
night of the accident (slurred speech, unsteady gait, etc.) to the fact that she had given her mother
Nyquil in treatment of the illness from which she was suffering and that it was the Nyquil, not
alcohol, which diminished Grogan's capacities that night. She did acknowledge, however, that the
odor of Nyquil bears no resemblance to that of alcoholic beverages. After Roxanne and Grogan had
parted ways on the side of the road, someone gave Roxanne a ride. After Roxanne had heard no
word of Grogan's whereabouts for two days, she was able to locate Grogan by calling the jail. 

 We review an order revoking community supervision under an abuse of discretion standard. 
Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In determining questions regarding
sufficiency of the evidence in community supervision revocation cases, the burden of proof is by a
preponderance of the evidence. Id. An order revoking community supervision must be supported
by a preponderance of the evidence; in other words, that greater weight of the credible evidence
which would create a reasonable belief that the defendant has violated a condition of his community
supervision. Id. at 763-64.

 As the sole trier of fact, the trial court determines the credibility of the witnesses, accepting
or rejecting any or all of the witnesses' testimony. Armstrong v. State, 134 S.W.3d 860, 862 (Tex.
App.--Texarkana 2004, pet. ref'd); In re T.R.S., 115 S.W.3d 318, 321 (Tex. App.--Texarkana 2003,
no pet.) (citing Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987)). The court's
discretion, however, is not absolute and does not authorize the revocation of community supervision
without evidence of a violation of one of the conditions imposed. Scamardo v. State, 517 S.W.2d
293, 297 (Tex. Crim. App. 1974); Armstrong, 134 S.W.3d at 862.

 In this case, there was testimony that, if believed by the fact-finder, supports a conclusion that
Grogan was intoxicated and that the car belonged to her. Although there was no direct evidence that
she was driving at the time of the accident, it can be inferred from the circumstances that she was
operating the vehicle. Her statements to the officer support that conclusion. She did not deny
operating the vehicle but, instead, provided an excuse for the accident: that she had wrecked the car
while attempting to avoid a deer. 

 The officer testified that Grogan's balance was bad, that she failed the horizontal gaze
nystagmus test, and that she had stopped performing one balance test and then refused to proceed. 
She refused to count aloud during the one-legged stand test, claiming to be illiterate; during the test,
she failed to maintain her balance, raising her arms and putting her foot down several times.

 The State's evidence supports the trial court's finding, while the testimony of the defense
witness was to the contrary. We will not reweigh the testimony. The evidence is sufficient to prove
by a preponderance of the evidence that Grogan committed a criminal act, thus violating the terms
of her community supervision, and we thus conclude that the trial court did not abuse its discretion
by revoking her community supervision.

 Grogan also argues that her oral statements to the officer were inadmissible because they
were the result of custodial interrogation and prior to the warnings required by Article 38.22 of the
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005). 
That issue was never raised before the trial court. Thus, the complaint has not been preserved for
appellate review. See Tex. R. App. P. 33.1. Even if it had been preserved, it appears from the
evidence that she spoke to the officer about the relevant matters while en route to her car, or
immediately after arriving there, this being before she was taken into custody. Therefore, the statute
would not apply.

 We affirm the judgment.




 Bailey C. Moseley

 Justice


Date Submitted: July 23, 2007

Date Decided: August 24, 2007 


Do Not Publish

1. Also referred to as Debra Robinson a/k/a Debra Robinson Grogan, Debra Juanita Oney,
Debra Robinson Greene, and Debra Allen Grogan Robinson.