IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00374-CR

 

Cynthia Jane Jones,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. F39367

 



MEMORANDUM  Opinion










 

        Jones was convicted of assault
causing bodily injury on a public servant.  See Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (Vernon
2003).  The trial court suspended imposition of Jones’s sentence during Jones’s
good behavior on community supervision, it being a condition of Jones’s community
supervision that she commit no offense against the State of Texas.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 2(2), § 3, § 11(a)(1) (Vernon Supp. 2007).  The State filed a
motion to revoke Jones’s community supervision, the motion alleging that Jones
had violated the terms of her supervision by committing the offense of assault
intentionally, knowingly, or recklessly causing bodily injury on Kim Stieber, a
public servant.  See id. § 21(a)-(b) (Vernon Supp. 2007).  The
trial court granted the State’s motion and revoked Jones’s community
supervision, and sentenced Jones to imprisonment.  See id. § 23(a)
(Vernon Supp. 2007).  Jones appeals.  See id. (b) (Vernon Supp. 2007). 
We affirm.

        In one issue, Jones contends
that the trial court erred in granting the State’s motion and sentencing Jones
to imprisonment.  “Appellate review of an order revoking [community
supervision] is limited to” review for “abuse of the trial court’s
discretion.”  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App.
2006) (quoting Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App.
1984)) (alteration added).  “In determining questions regarding sufficiency of
the evidence in [community-supervision] revocation cases, the burden of proof
is by preponderance of the evidence.”  Id. (citing Cardona at
493).  “[A]n order revoking [community supervision] must be supported by a
preponderance of the evidence; in other words, that greater weight of the
credible evidence which would create a reasonable belief that the defendant has
violated a condition of his [community supervision].”  Rickels at 763-64
(quoting Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974))
(alterations added).  We “must view the evidence in a light most favorable to
the verdict.”  Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
1981); see Browder v. State, 109 S.W.3d 484, 485 (Tex. Crim. App. 2003);
Cardona at 493.  

        Jones’s argument regarding the
application of the law to the facts of her case is as follows:

       The Appellant was mentally disturbed and
not responsible for her actions which were the sole basis of the motion to
revoke probation so that the trial court reversibly erred and abused its
discretion in revoking her community supervision and imposing her sentence of
confinement herein.  There can be no doubt that the Appellant was suicidal, and
mentally unstable to the point that she was not responsible for her actions. 
The fact that the Appellant had severely injured herself and in thrashing about
only kicked out once at Stieber supports that conclusion as well.  Obviously
one who is not mentally stable cannot be held responsible for the allegations
used herein to revoke her probation.  Instead of being sent to prison the
Appellant, although competent to stand trial, should have been given mental
health services in order to comply with due process of law.  Thus reversible
error and an abuse of discretion are shown herein.

(Br. at 12.)  We assume without
deciding that Jones adequately briefs her issue.  Cf. Tex.
R. App. P. 33.1(a), 38.1(h); Gallo v. State, 239 S.W.3d 757, 768 (Tex.
Crim. App. 2007); Hankins v. State, 132 S.W.3d 380, 385 (Tex. Crim. App.
2004); McCarthy v. State, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001); Tong
v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000).

        As to the trial court’s
revocation of Jones’s community supervision, the State points primarily to
evidence that Jones kicked Stieber, a Cleburne police officer, when Stieber
attempted to restrain Jones.  Jones also kicked at emergency medical personnel
who attempted to treat her.  As to the trial court’s assessment of Jones’s
punishment, the State points to Jones’s repeated convictions for assault on a
public servant, and her several misdemeanor convictions.  The trial court also
heard evidence that Jones had been in the treatment of the Department of Mental
Health and Mental Retardation without improvement.

        Viewing the evidence in the
light most favorable to the trial court’s order, we hold that Jones does not
show that the trial court abused its discretion in granting the State’s motion
to revoke and sentencing Jones to imprisonment.  We overrule Jones’s issue.

        Having
overruled Jones’s sole issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Affirmed

Opinion delivered and filed April 9, 2008

Do not publish

[CR25]