NO.  07-09-0037-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 24, 2010

_________________________

 

SHANE TYSON MOORE,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

__________________________

 

FROM THE 251ST
DISTRICT COURT OF POTTER COUNTY;

 

NO. 50,740-C;
HONORABLE ANA ESTEVEZ, JUDGE

___________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Shane Tyson Moore, appeals the
trial court’s revocation of appellant’s community supervision probation and
sentence of 18 months incarceration in the State Jail Division of the Texas
Department of Criminal Justice.  We
affirm.

            In
April of 2005, appellant was charged with the offense of possession of a
controlled substance, methamphetamine, in an amount less than one gram.  On April 26, 2005, as part of a plea bargain,
appellant judicially confessed that he committed the charged offense and was
sentenced to three years deferred adjudication community supervision and fined
$1,500.  In March of 2007, the State
filed a motion to proceed to adjudication. 
Appellant pled true to the allegations in the State’s motion and, as a
result, the trial court adjudicated appellant guilty and sentenced appellant to
two years incarceration and $1,500 fine, but probated
that sentence for a period of three years. 
On August 4, 2008, the State filed a motion to revoke community
supervision probation that alleged that appellant had committed 15 violations
of the terms and conditions of his community supervision.  Appellant pleaded not true to the
allegations, but, after holding a hearing, the trial court found eight of the
alleged violations true and sentenced appellant to 18 months incarceration.

            By
one issue, appellant contends that the trial court’s admission of hearsay
testimony in the revocation hearing violated appellant’s constitutional right
of confrontation.

            In
a revocation hearing, the burden is on the State to prove by a preponderance of
the evidence that the probationer violated the terms and conditions of his
community supervision.  Scamardo
v. State, 517 S.W.2d 293, 297-98 (Tex.Crim.App.
1974).  However, proof of one
violation of the terms and conditions of probation is sufficient to support a
trial court’s order revoking community supervision.  Smith v. State, 286
S.W.3d 333, 342 (Tex.Crim.App. 2009).  Upon proof that one or more conditions of
community supervision probation has been violated, the
trial court’s decision whether to revoke probation is discretionary.  Flourney v. State, 589 S.W.2d 705, 707 (Tex.Crim.App.
1979).

            In
the present case, the State presented evidence that appellant violated the
second condition of his community supervision probation by using marijuana on
three separate occasions.  Appellant’s
community supervision officer, Katy Coke, testified, without objection, that
appellant admitted to her that he had smoked marijuana on or about January 1,
January 12, and January 25 of 2008.  The
second condition of appellant’s community supervision probation requires that
appellant “[a]void injurious and vicious habits, including but not limited to
the use of marijuana, narcotics, dangerous drugs, inhalants, or the abuse of
prescription medication.”[1]  Appellant did not object to this testimony
during the hearing on the State’s motion to revoke and has not raised an issue
challenging these violations of the conditions of his community supervision
probation.  As such, we will affirm the
trial court’s order revoking appellant’s community supervision probation.

            Appellant’s
issue challenges the admission of evidence that was used to establish that
appellant had violated reporting and payment conditions of his community
supervision.  Assuming, without deciding,
that appellant is correct and that, therefore, the State failed to prove these
violations, the unchallenged evidence that appellant used marijuana on three
occasions is sufficient to support the trial court’s order.  As such, we overrule appellant’s sole issue.

 

            Having
overruled appellant’s issue and concluding that the evidence was sufficient to
support the trial court’s revocation of appellant’s community supervision
probation, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock                                                                                                                                     Justice

 

Do not publish.   

 











[1]
We note that
appellant’s consumption of marijuana violates additional conditions of his
community supervision, such as not committing violations of the laws of the
State of Texas.