NO. 07-09-0037-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 24, 2010
_____

SHANE TYSON MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,740-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Shane Tyson Moore, appeals the trial court's revocation of appellant's community supervision probation and sentence of 18 months incarceration in the State Jail Division of the Texas Department of Criminal Justice. We affirm.

In April of 2005, appellant was charged with the offense of possession of a controlled substance, methamphetamine, in an amount less than one gram. On April 26, 2005, as part of a plea bargain, appellant judicially confessed that he committed the charged offense and was sentenced to three years deferred adjudication community

supervision and fined $1,500. In March of 2007, the State filed a motion to proceed to adjudication. Appellant pled true to the allegations in the State's motion and, as a result, the trial court adjudicated appellant guilty and sentenced appellant to two years incarceration and $1,500 fine, but probated that sentence for a period of three years. On August 4, 2008, the State filed a motion to revoke community supervision probation that alleged that appellant had committed 15 violations of the terms and conditions of his community supervision. Appellant pleaded not true to the allegations, but, after holding a hearing, the trial court found eight of the alleged violations true and sentenced appellant to 18 months incarceration.

By one issue, appellant contends that the trial court's admission of hearsay testimony in the revocation hearing violated appellant's constitutional right of confrontation.

In a revocation hearing, the burden is on the State to prove by a preponderance of the evidence that the probationer violated the terms and conditions of his community supervision. Scamardo v. State, 517 S.W.2d 293, 297-98 (Tex.Crim.App. 1974). However, proof of one violation of the terms and conditions of probation is sufficient to support a trial court's order revoking community supervision. Smith v. State, 286 S.W.3d 333, 342 (Tex.Crim.App. 2009). Upon proof that one or more conditions of community supervision probation has been violated, the trial court's decision whether to revoke probation is discretionary. Flourney v. State, 589 S.W.2d 705, 707 (Tex.Crim.App. 1979).

In the present case, the State presented evidence that appellant violated the second condition of his community supervision probation by using marijuana on three separate occasions. Appellant's community supervision officer, Katy Coke, testified, without objection, that appellant admitted to her that he had smoked marijuana on or about January 1, January 12, and January 25 of 2008. The second condition of appellant's community supervision probation requires that appellant "[a]void injurious and vicious habits, including but not limited to the use of marijuana, narcotics, dangerous drugs, inhalants, or the abuse of prescription medication."[1] Appellant did not object to this testimony during the hearing on the State's motion to revoke and has not raised an issue challenging these violations of the conditions of his community supervision probation. As such, we will affirm the trial court's order revoking appellant's community supervision probation.

Appellant's issue challenges the admission of evidence that was used to establish that appellant had violated reporting and payment conditions of his community supervision. Assuming, without deciding, that appellant is correct and that, therefore, the State failed to prove these violations, the unchallenged evidence that appellant used marijuana on three occasions is sufficient to support the trial court's order. As such, we overrule appellant's sole issue.

---

[1] We note that appellant's consumption of marijuana violates additional conditions of his community supervision, such as not committing violations of the laws of the State of Texas.

Having overruled appellant's issue and concluding that the evidence was sufficient to support the trial court's revocation of appellant's community supervision probation, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.