



# MEMORANDUM OPINION

No. 04-09-00327-CR

Vickie Jean **GUTZKE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-7513
Honorable Sharon MacRae, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed: March 10, 2010

AFFIRMED

Vicki Jean Gutzke appeals the judgment rendered after the trial court revoked her community supervision. Gutzke contends the State failed to prove she consumed an alcoholic beverage and the trial court abused its discretion by granting the State's motion to revoke. We affirm the judgment of the trial court.

**BACKGROUND**

Gutzke pled guilty to felony driving while intoxicated and was sentenced to eight years in prison, probated for eight years. Gutzke was ordered to spend ten days in the county jail as a condition of probation. The trial court permitted Gutzke to serve the time on weekends, beginning March 14, 2009. When Gutzke reported to the jail around 7:00 p.m. on Saturday, March 20, 2009, she was processed into the facility by Bexar County Deputy Sheriff David Ott. Deputy Ott testified he smelled the odor of alcohol on Gutzke's breath. When he questioned her, Gutzke denied she had been drinking. To determine if Gutzke had consumed alcohol, Deputy Ott administered a horizontal gaze nystagmus test (HGN). Based on the results of the HGN, test Deputy Ott decided it was necessary to conduct a further test using a sample of Gutzke's saliva to determine if she had consumed alcohol. Deputy Ott testified that according to the company that manufactured the test, the test indicates positive for the presence of alcohol if the concentration of alcohol is greater than .02 percent blood alcohol content. Deputy Ott testified Gutzke's test result was positive. According to Deputy Ott, Gutzke claimed she had not been drinking any alcoholic beverages, but stated she had taken the medicine NyQuil earlier in the day.

Gutzke's mother and father testified at the hearing on the motion to revoke community supervision. Each testified they had supper with Gutzke the evening before she reported to the jail and did not observe any signs she had consumed alcohol. Gutzke's parents both testified Gutzke reacts immediately to the consumption of alcohol by slurring her words, and they noticed no slurring of words or odor of alcohol on her breath during the several hours they spent with her before she reported to the jail. Gutzke testified she took NyQuil earlier in the day and had not consumed any alcoholic beverages.

At the conclusion of the hearing, the trial judge found the allegation that Gutzke had consumed an alcoholic beverage to be true, ordered her community supervision revoked, and sentenced her to six years in prison.

## DISCUSSION

Gutzke contends the trial court abused it discretion in revoking her community supervision because the State failed to prove by a preponderance of the evidence that she consumed an alcoholic beverage. Gutzke argues her testimony and that of her parents established she consumed NyQuil, and NyQuil does not come within the definition of an alcoholic beverage as defined by state law. *See* TEX. ALCO. BEV. CODE § 1.04(1) (defining alcoholic beverage in part as "any beverage containing more than one-half of one percent of alcohol by volume, which is capable of use for beverage purposes, either alone or when diluted"). Gutzke suggests the trial judge should have credited the testimony of her parents over that of Deputy Ott as to whether she exhibited any signs of imbibing an alcoholic beverage.[1]

We review a trial court's order to revoke community supervision under an abuse of discretion standard. *Rickles v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). "'[A]n order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation'." *Id.* at 763-64 (quoting *Scamardo v. State*, 517 S.W.2d 293 (Tex. Crim. App. 1974)). The trial court is the sole arbiter of the credibility of the witnesses. *Garret v. State*,

---

[1] Gutzke also attacks the reliability of the alcohol test administered by Deputy Ott. However, she did not object to the admission of testimony about the test or its results at trial, and has waived any error predicated on this point. *See* TEX. R. APP. P. 33.1.

619 S.W.2d 172, 174 (Tex. Crim. App. 1981). We review the evidence in the light most favorable to the trial court's order. *Id*.

We hold the trial court did not abuse its discretion in revoking Gutzke's community supervision. Although Gutzke contends the evidence demonstrates only that she took the medicine NyQuil, the State proved by a preponderance of the evidence that Gutzke had consumed alcohol. Deputy Ott testified the odor on Gutzke's breath was more consistent with someone drinking alcohol than NyQuil, and the test administered by the deputy indicated Gutzke had at least a .02 percent concentration of alcohol in her blood. As the sole judge of the credibility of the witnesses, the judge was free to believe the deputy's testimony over that of Gutzke and her parents, and to reject their contention that alcohol was detected in Gutzke's saliva because she took NyQuil. Accordingly, the judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH