

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00268-CR

JUAN GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 52nd District Court
Coryell County, Texas[1]
Trial Court No. FSA-01-16205, Honorable Trent D. Farrell, Presiding

June 17, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Juan Garcia, appeals the trial court's judgment by which he was adjudicated guilty of the offense of sexual assault and sentenced to fifteen years' confinement. On appeal, he maintains that the trial court abused its discretion when it adjudicated him guilty because the State failed to prove that he willfully violated the terms and conditions of his community supervision. We will affirm the trial court's judgment.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Factual and Procedural History

In September 2002, appellant pleaded guilty to charges of sexual assault and was placed on ten years' deferred adjudication community supervision. The terms and conditions of that community supervision included, *inter alia*, the following condition:

> Report to the Supervision Officer at the Coryell County Community Supervision and Correction[s] Department as directed by the Court and your Supervision Officer, at least one each **WEEK** beginning immediately and continuing until otherwise directed by the Supervision Department or as you are discharged from community supervision and corrections, and if transferred to the supervision of another Community Supervision and Corrections Department, or otherwise, report by mail as directed by the Coryell County Community Supervision and Corrections Department, and obey all rules and regulations of the Supervision Department[.]

Appellant was also required to make payments toward the balance of fines, court costs, and fees associated with his case.

In August 2012, the State filed its application to proceed to adjudication based, in part, on its allegation that, contrary to the above-referenced condition, appellant failed to report weekly at any time throughout the entirety of the ten-year period of his community supervision. The State also alleged that appellant failed to make any payments toward fines, court costs, and fees as was required by the terms and conditions of his community supervision.

At the May 2015 hearing on the State's application to proceed to adjudication, we learn that in September 2002, soon after he was placed on community supervision, appellant was deported to Mexico. The record reveals that, at some point in time, appellant returned to the United States, although it is not clear when he returned.

At the hearing and on appeal, appellant contends that the State failed to prove that he willfully failed to report as was required of him because he had been deported, making mandatory reporting impossible or, at least, impracticable. Therefore, he maintains, contractual principles must apply to relieve him of the duty to report and excuse his noncompliance. He also contends that the State failed to show that he was able to, but failed to, pay the fines, costs, and fees required. Because the State failed to meet its evidentiary burden, he contends, the trial court abused its discretion by adjudicating him guilty of sexual assault and sentencing him to fifteen years' confinement. We will affirm.

Standard of Review

In a community supervision revocation proceeding, the burden of proof lies on the State to establish by a preponderance of the evidence that the defendant violated a condition of his community supervision. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State satisfies this burden when the "greater weight of the credible evidence" before the trial court "create[s] a reasonable belief that the defendant has violated a condition of his [community supervision]." *See Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

We review a trial court's decision to revoke deferred adjudication community supervision and proceed to an adjudication of guilt in the same manner as a decision to revoke ordinary community supervision: for abuse of discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2015); *Hacker*, 389 S.W.3d at 865. A trial

court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *See Tapia v. State*, 462 S.W.3d 29, 41 n.14 (Tex. Crim. App. 2015). In conducting our review, we must bear in mind that the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See Hacker*, 389 S.W.3d at 865; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). We will conclude that the trial court did not abuse its discretion if the record shows proof by a preponderance of the evidence of any of the alleged violations of the community supervision terms. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

Analysis

Appellant has cited no authority that directly supports the position that being deported relieves him from complying with the condition that he report either in person or by mail to the Coryell County Community Supervision and Corrections Department. Nor have we found such authority in support of his position. Instead, appellant relies on the contractual nature of the community supervision relationship and, from there, applies contractual principles that may excuse breaches of contract based on impracticability or impossibility.

This Court has addressed a similar contention in the past that an appellant was "relieved of his duty to report because he was deported to Mexico." *See Rivera v. State*, No. 07-00-00120-CR, 2000 Tex. App. LEXIS 6073, at *5 (Tex. App.—Amarillo

Aug. 31, 2000, no pet.).[2] In *Rivera*, we observed that deportation could serve as an impediment to physically reporting but noted that the terms and conditions of Rivera's probation also provided that he could have reported by mail. *See id.* at *2, *5–6. On the record before us in that case and in the absence of any supporting authority, we rejected Rivera's "[i]nteresting" argument. *See id.* at *5. We must do the same in this case on similar reasoning.

In the instant case, the terms and conditions of appellant's community supervision contemplated that, upon transfer to another county's supervision department or "otherwise," appellant could report to the Coryell County Community Supervision and Corrections Department by mail.[3] The record indicates that appellant made no effort to report in person, by phone, or by mail. To the contrary, the evidence establishes that, during the ten-year probationary period, appellant never reported in any manner to the department as was required and as he agreed. This evidence is sufficient to establish by a preponderance of the evidence that appellant violated a term of his community supervision and supports the trial court's decision to proceed to adjudication. *See Hacker*, 389 S.W.3d at 864–65. The trial court did not abuse its discretion by so doing on this record. See *Moore*, 605 S.W.2d at 926. We overrule appellant's point of error.

---

[2] Recognizing that this is a transfer case, we searched for but have not discovered a case in which the transferor court—the Tenth Court of Appeals—has directly addressed this precise issue. That said, we are not aware of any authority from this Court that is inconsistent with precedent from the transferor court. *See* TEX. R. APP. P. 41.3.

[3] We acknowledge that principles of due process and equal protection may require that impossibility of performance serve as a defense to revocation. *See Clay v. State*, 361 S.W.3d 762, 772–73 (Tex. App.—Fort Worth 2012, no pet.) (Dauphinot, J., dissenting). However, because the terms and conditions of his community supervision provided that appellant could report by mail, we do not agree that the matter before us clearly and directly implicates the issue of impossibility of performance. Another set of facts and circumstances may do so, but, here, compliance was not rendered impossible by appellant's deportation; rather, it was, arguably, made more difficult by it.

Conclusion

Having overruled appellant's point of error on appeal, we affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.