# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00543-CR

**Justin Allen Lee, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-02-430, HONORABLE SAM ROBERTSON, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On September 11, 2002, Justin Allen Lee pleaded guilty to burglary of a building. Tex. Pen. Code Ann. § 30.02(a) (West 2004). The district court sentenced him to two years in state jail. Imposition of sentence was suspended, however, and he was placed on probation for a period of five years. Subject to the conditions of his supervision, Lee was required to pay a fine and to make monthly restitution and compensation payments to the Hays County Community Supervision and Corrections Department beginning October 10, 2002. Lee was also required not to commit an offense against the laws of any state within the United States.

In August 2004, following a hearing on the motion to revoke Lee's probation, the district court revoked probation and imposed sentence after finding that Lee failed to make several required monthly payments, and that he committed the subsequent offense of burglary of a coin operated machine. Lee contends that the evidence presented at his probation hearing is insufficient to show that he violated the terms of his probation and that the evidence is insufficient to show that he committed the subsequent offense.

In a proceeding to revoke probation, the State has the burden of proving a violation of the terms and conditions of the probation by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). The State meets this burden if the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of probation as alleged in the motion to revoke. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974).

The State asserts that Lee failed to make several monthly payments: October through December 2002; February through April 10, 2003; and June through September 2003. Lee claims that he failed to make the payments because he was incarcerated. However, even during months when he was not in jail, Lee did not make the required payments. According to the testimony of Osbeida Jaimes, Lee's supervision officer, Lee was not incarcerated in December 2002, but failed to make the required payment. Jaimes also testified that Lee was not incarcerated in April, June, and July of 2003, and that he did not make any of the required payments for those particular months. Jaimes's testimony is corroborated by Lee's handwritten statement listing the dates he was in jail and by an official Hays County computer-generated summary listing Lee's jail record.

2

Lee claims that the State failed to show that he was capable of making the payments and that, consequently, there was no basis for the trial court to determine that Lee could have made the payments but did not. However, inability to pay is an affirmative defense that the defendant must raise and prove by a preponderance of the evidence. *Stanfield v. State*, 718 S.W.2d 734, 735 (Tex. Crim. App. 1986). Lee did not raise the defense; therefore the State was not required to prove his ability to pay. *See id.*

Our review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 495 (Tex. Crim. App. 1984). We review the evidence presented at the hearing in a light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). In this case, the weight of credible evidence creates a reasonable belief that Lee violated a condition of his probation. *See Cobb*, 851 S.W.2d at 874. The State met its burden of proving Lee violated the conditions of his probation by a preponderance of the evidence. *See Jenkins*, 740 S.W.2d at 437; *Scamardo*, 517 S.W.2d at 298. The evidence established that Lee was not incarcerated during the months of December 2002, April, June, and July 2003, and that he failed to make the required payments for those months, in violation of the conditions of his probation. A single violation will support a revocation of probation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978). We need not determine whether the evidence is sufficient to establish that Lee violated another condition by committing the alleged subsequent offense. *See Sanchez*, 603 S.W.2d at 871; *Jones*, 571 S.W.2d at 193-94. Therefore, we hold that the district court did not abuse its discretion and we affirm the order revoking probation.

## Conclusion

The district court's order is affirmed.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed:   June 23, 2005

Do Not Publish