NO. 07-08-0480-CR
NO. 07-08-0481-CR
NO. 07-08-0482-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 20, 2009

______________________________


ANGEL HERNANDEZ CASTANEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NOS. B 3191-0809; B 3192-0809; & B 3193-0809; HONORABLE ED SELF, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Following pleas of not guilty, Appellant, Angel Hernandez Castaneda, was convicted
by a jury of aggravated sexual assault in cause number B 3191-0809, aggravated
kidnapping in cause number B 3192-0809, and burglary of a habitation in cause number
B 3193-0809. Respectively, Appellant was sentenced to ninety-nine years confinement
and a $10,000 fine, ten years confinement and a $5,000 fine,


 and ninety-nine years
confinement and a $10,000 fine. In presenting this appeal, counsel has filed an Anders



brief in support of a motion to withdraw. We grant counselâs motion and affirm.
Â Â Â Â Â Â Â Â Â Â In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel has candidly discussed why, under the controlling
authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the
requirements of Anders and In re Schulman by (1) providing a copy of the brief to
Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and
(3) informing him of his right to file a pro se petition for discretionary review. In re
Schulman, 252 S.W.3d at 408.


 By letter, this Court granted Appellant thirty days in which
to exercise his right to file a response to counselâs brief, should he be so inclined. Id. at
409, n.23. Appellant filed a response. The State did not favor us with a brief.
Â Â Â Â Â Â Â Â Â Â By the Anders brief, counsel raises a potential issue of legal and factual sufficiency
of the evidence. He then concludes after a review of all the evidence that under the
appropriate standards of review, reversal is not required. 
Â Â Â Â Â Â Â Â Â Â By the pro se response, Appellant mistakenly believes that counsel has already
been permitted to withdraw from this appeal and requests that the Anders brief be
âdismissedâ so that he may present the merits of his appeal.


 He alleges his appellate
attorney is ineffective for filing the Anders brief and also alleges the circumstantial evidence
is weak.
Â Â Â Â Â Â Â Â Â Â We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. 
See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record,
counselâs brief, and Appellantâs pro se response, we agree with counsel that there are no
plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).
Â Â Â Â Â Â Â Â Â Â Accordingly, counsel's motion to withdraw is granted and the trial courtâs judgments
are affirmed. 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Do not publish.




yle-locked:yes;
 mso-style-link:Header;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:12.0pt;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 mso-ascii-font-family:Arial;
 mso-hansi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-09-0037.cr%20opinion2_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-09-0037.cr%20opinion2_files/header.htm") fcs;
 mso-endnote-separator:url("07-09-0037.cr%20opinion2_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-09-0037.cr%20opinion2_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-09-0037.cr%20opinion2_files/header.htm") f1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
-->








NO.  07-09-0037-CR

Â 

IN THE COURT OF
APPEALS

Â 

FOR THE SEVENTH
DISTRICT OF TEXAS

Â 

AT AMARILLO

Â 

PANEL B

Â 

FEBRUARY 24, 2010

_________________________

Â 

SHANE TYSON MOORE,
APPELLANT

Â 

V. 

Â 

THE STATE OF TEXAS,
APPELLEE

__________________________

Â 

FROM THE 251ST
DISTRICT COURT OF POTTER COUNTY;

Â 

NO. 50,740-C;
HONORABLE ANA ESTEVEZ, JUDGE

___________________________

Â 

Â 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Â 

Appellant, Shane Tyson Moore, appeals the
trial courtÂs revocation of appellantÂs community supervision probation and
sentence of 18 months incarceration in the State Jail Division of the Texas
Department of Criminal Justice.Â  We
affirm.

Â Â Â Â Â Â Â Â Â Â Â  In
April of 2005, appellant was charged with the offense of possession of a
controlled substance, methamphetamine, in an amount less than one gram.Â  On April 26, 2005, as part of a plea bargain,
appellant judicially confessed that he committed the charged offense and was
sentenced to three years deferred adjudication community supervision and fined
$1,500.Â  In March of 2007, the State
filed a motion to proceed to adjudication.Â 
Appellant pled true to the allegations in the StateÂs motion and, as a
result, the trial court adjudicated appellant guilty and sentenced appellant to
two years incarceration and $1,500 fine, but probated
that sentence for a period of three years.Â 
On August 4, 2008, the State filed a motion to revoke community
supervision probation that alleged that appellant had committed 15 violations
of the terms and conditions of his community supervision.Â  Appellant pleaded not true to the
allegations, but, after holding a hearing, the trial court found eight of the
alleged violations true and sentenced appellant to 18 months incarceration.

Â Â Â Â Â Â Â Â Â Â Â  By
one issue, appellant contends that the trial courtÂs admission of hearsay
testimony in the revocation hearing violated appellantÂs constitutional right
of confrontation.

Â Â Â Â Â Â Â Â Â Â Â  In
a revocation hearing, the burden is on the State to prove by a preponderance of
the evidence that the probationer violated the terms and conditions of his
community supervision.Â  Scamardo
v. State, 517 S.W.2d 293, 297-98 (Tex.Crim.App.
1974).Â  However, proof of one
violation of the terms and conditions of probation is sufficient to support a
trial courtÂs order revoking community supervision.Â  Smith v. State, 286
S.W.3d 333, 342 (Tex.Crim.App. 2009).Â  Upon proof that one or more conditions of
community supervision probation has been violated, the
trial courtÂs decision whether to revoke probation is discretionary.Â  Flourney v. State, 589 S.W.2d 705, 707 (Tex.Crim.App.
1979).

Â Â Â Â Â Â Â Â Â Â Â  In
the present case, the State presented evidence that appellant violated the
second condition of his community supervision probation by using marijuana on
three separate occasions.Â  AppellantÂs
community supervision officer, Katy Coke, testified, without objection, that
appellant admitted to her that he had smoked marijuana on or about January 1,
January 12, and January 25 of 2008.Â  The
second condition of appellantÂs community supervision probation requires that
appellant Â[a]void injurious and vicious habits, including but not limited to
the use of marijuana, narcotics, dangerous drugs, inhalants, or the abuse of
prescription medication.Â[1]Â  Appellant did not object to this testimony
during the hearing on the StateÂs motion to revoke and has not raised an issue
challenging these violations of the conditions of his community supervision
probation.Â  As such, we will affirm the
trial courtÂs order revoking appellantÂs community supervision probation.

Â Â Â Â Â Â Â Â Â Â Â  AppellantÂs
issue challenges the admission of evidence that was used to establish that
appellant had violated reporting and payment conditions of his community
supervision.Â  Assuming, without deciding,
that appellant is correct and that, therefore, the State failed to prove these
violations, the unchallenged evidence that appellant used marijuana on three
occasions is sufficient to support the trial courtÂs order.Â  As such, we overrule appellantÂs sole issue.

Â 

Â Â Â Â Â Â Â Â Â Â Â  Having
overruled appellantÂs issue and concluding that the evidence was sufficient to
support the trial courtÂs revocation of appellantÂs community supervision
probation, we affirm the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. HancockÂ Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Do not publish.Â Â  

Â 











[1]
We note that
appellantÂs consumption of marijuana violates additional conditions of his
community supervision, such as not committing violations of the laws of the
State of Texas.