PD-0042-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/7/2015 6:11:09 PM
Accepted 1/16/2015 1:21:17 PM
ABEL ACOSTA
CLERK

# PD-0042-15

## IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

**LETICIA MCWILLIAMS**
    **APPELLANT**

**V.**
                            **COA NO.  02-14-00142-CR**
                                **TRIAL COURT NO. 1174887**

**THE STATE OF TEXAS,**
    **APPELLEE**


**APPEALED FROM CAUSE NUMBER 1174887,  IN THE CRIMINAL DISTRICT COURT NUMBER THREE, TARRANT COUNTY, TEXAS; THE HONORABLE ROBB CATALANO,  JUDGE PRESIDING.**


## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

**WILLIAM H. "BILL" RAY**
**TEXAS BAR CARD NO. 16608700**
**ATTORNEY FOR APPELLANT**

**LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.**
**512 MAIN STREET, STE. 308**
**FORT WORTH, TEXAS 76102**
**(817) 698-9090**
**(817) 698-9092, FAX**
**bill@billraylawyer.com**

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

LETICIA MCWILLIAMS                          APPELLANT
    c\o Texas Dept. of Criminal
    Justice, Institutional
    Division, Huntsville, Texas

HONORABLE WILLIAM H. RAY                 ATTORNEY FOR APPELLANT
    512 Main Street, Ste. 308               ON APPEAL
    Ft. Worth, Texas   76102

HONORABLE FELIPE CALZADAD               ATTORNEY FOR APPELLANT
    2724 Kimbo Road                         AT TRIAL
    Ft. Worth, Texas   76111

HONORABLE SHAREN WILSON                 CRIMINAL DISTRICT ATTORNEY
    401 W. Belknap St.                      TARRANT COUNTY, TEXAS
    Ft. Worth, Tx. 76196-0201

HONORABLE TIFFANY BURKS                 ASSISTANT CRIMINAL DISTRICT
    401 W. Belknap St.                      ATTORNEY, TARRANT COUNTY,
    Ft. Worth, Tx. 76196-0201               TEXAS

HONORABLE ROBB CATALANO                 JUDGE, CRIMINAL DISTRICT
    401 W. Belknap St.                      COURT NUMBER THREE
    Ft. Worth, Texas 76196                  TARRANT COUNTY, TEXAS

HONORABLE LISA McMINN                   STATE PROSECUTING
    P.O. Box 13046                          ATTORNEY
    Austin, Texas 78711

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                                    2

INDEX OF AUTHORITIES                                              4

STATEMENT CONCERNING ORAL ARGUMENT                               5

STATEMENT OF THE CASE                                            5

STATEMENT OF THE PROCEDURAL HISTORY                              6

GROUNDS FOR REVIEW

GROUND FOR REVIEW NUMBER ONE                                     7

    THE TRIAL COURT ABUSED ITS DISCRETION BY
FINDING THAT APPELLANT VIOLATED THE TERMS OF HER
PROBATION AND ADJUDICATING APPELLANT GUILTY AND
THEN SENTENCING APPELLANT TO FOUR YEARS IN PRISON

PRAYER                                                           9

CERTIFICATE OF SERVICE                                          10

CERTIFICATE OF COMPLIANCE                                       10

APPENDIX          The Appendix contains the Opinion of the Court of Appeals.

# INDEX OF AUTHORITIES

Cases                                                                          Page

*Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984)*          7

*Rickels v. State, 202 S.W.3d 759 (Tex.Crim.App. 2006)*              7

*Scamardo v. State, 517 S.W.2d 293, 298 (Tex.Crim.App. 1974)*        7


Statutes

*Article 42.12, Section 21 ( c) Code of Criminal Procedure*          8

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary in this case.

## STATEMENT OF THE CASE

This is an appeal from a felony conviction resulting from a revocation of probation for the offense of Intoxication Assault. Appellant was charged by indictment with the offense of Intoxication Assault CR, Pages 7-8.

Appellant pled guilty to count one of the indictment pursuant to a plea agreement, which the trial court followed, and was placed on 10 years probation for the offense of Intoxication Assault on January 19, 2010. CR, Pages 30-33. This probation had standard terms of probation and additional supplemental terms for DWI related cases. CR, Pages 34-36.

On April 4, 2014, the trial court heard the State's Second Petition to Revoke Probation. CR, Pages 79-82, RR, Pages 1-48. The trial court found the allegations of the petition to be true and revoked Appellant's probation and sentenced Appellant to four years in the Institutional Division of the Texas Department of Criminal Justice. CR, Pages 92-97. RR, Page 47.

On direct appeal, the Court of Appeals for the Second Appellate District in Fort Worth affirmed Appellant's conviction. The opinion was not designated for publication.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant was sentenced on April 4, 2014. Notice of Appeal was timely filed. Appellant timely filed her brief in the Court of Appeals on July 24, 2014. The State timely filed its brief on September 18, 2014.

The case was submitted to the Court of Appeals, without oral argument, on October 31, 2014. The Court of Appeals affirmed Appellant's conviction on December 18, 2014. That opinion is not designated for publication.

This Petition for Discretionary Review is timely filed.

## GROUND FOR REVIEW NUMBER ONE

### THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT APPELLANT VIOLATED THE TERMS OF HER PROBATION AND ADJUDICATING APPELLANT GUILTY AND THEN SENTENCING APPELLANT TO FOUR YEARS IN PRISON

Appellate review of an order revoking probation is limited to abuse of the trial court's discretion. *Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984)*. In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence. *Id*. An order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation. *Scamardo v. State, 517 S.W.2d 293, 298 (Tex.Crim.App. 1974)*, *Rickels v. State, 202 S.W.3d 759 (Tex.Crim.App. 2006)*.

In this case, the petition to revoke probation had several allegations, but other than a single act of failing to submit a urine specimen, all the acts were derived from Appellant's failure to do an act which was ultimately founded in a financial obligation. Specifically, Appellant was required to install the In-Home monitoring device [Paragraph 1A and 3], Pay a supervision fee monthly in the amount of $60.00 [Paragraph 2], Pay for urine testing [Paragraph 4], Pay electronic monitoring fees and it was alleged that Appellant was $2,425.00 in arrears.

[Paragraph 5], and Work faithfully at suitable employment [Paragraph 6].

*Article 42.12 of the Code of Criminal Procedure, Section 21 ( c)* requires that the State prove by a preponderance of the evidence that the defendant was able to pay probation fees, and did not pay as ordered by the judge. In this case, there was ample proof that Appellant did not pay probation fees, but there was no proof that she had the ability to pay those fees. Appellant testified that she was indigent, as did Queinton Waldon, the probation officer. RR, Page 18. Salina Aguirre was Appellant's SWIFT probation officer and was also aware that Appellant was indigent. RR, Pages 26-30.

Appellant testified that she was indigent and had no means to pay the money. RR, Pages 32-35; 42-43.

The trial court then revoked Appellant's probation and sentenced her to four years in prison. CR, Pages 92-97; RR, Page 47.

The trial court erred in so finding that Appellant had the ability to pay her fees, and other than the single allegation that Appellant did not provide a urine sample, were the only allegations or basis of the allegations made by the State for revocation. Appellant submits that her failure to submit a urine sample was beyond hear control and she was in fact present and able to submit a sample, she just could not stay all afternoon due to her mothers work.

The Court of Appeals held that the trial court did not abuse its discretion, noting that a single allegation, in this case the failure to submit a urine specimen, was sufficient to sustain a decision to revoke probation. Opinion, pages 5-6.

While the law allows revocation on a single issue, Appellant submits that, given the totality of the financial circumstances facing Appellant, the trial court abused its discretion in revoking and the Court of Appeals erred in sanctioning this decision of the trial court.

## PRAYER FOR RELIEF

Appellant Prays that this Honorable Court reverse the trial court's order revoking her probation and remand the case for a new trial.

RESPECTFULLY SUBMITTED,


/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY
TEXAS BAR CARD NO. 16608700
ATTORNEY FOR APPELLANT

LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.
512 MAIN STREET, STE. 308
FORT WORTH, TEXAS 76102
(817) 698-9090
(817) 698-9092, FAX

## CERTIFICATE OF SERVICE

I certify that a true copy of Appellant's Brief was delivered via the electronic filing system to the office of Sharen Wilson, Criminal District Attorney, Criminal District Attorney of Tarrant County, Texas, 401 W. Belknap St. Ft. Worth, Tx. 76196-0201 on the date of this document's filing.

I certify that a true copy of Appellant's Petition for Discretionary Review was placed in the United States Mail addressed to Appellant, in the Texas Department of Corrections / Tarrant County Jail, on the date of this document's filing.

I certify that a true copy of Appellant's Petition for Discretionary Review was delivered via the electronic filing system to the State's Prosecuting Attorney, at P.O. Box 13046, on the date of this document's filing.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i3, of the Texas Rules of Appellate Procedure, I certify that the Brief on Direct Appeal filed in this case, has 1424 words contained therein. This count was obtained via the WordPerfect computer program.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00142-CR

LETICIA MCWILLIAMS                                        APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1174887D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Leticia McWilliams appeals from the revocation of her community supervision. In her sole point, McWilliams argues that the trial court abused its discretion by revoking her community supervision and by sentencing her to four years' imprisonment. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. PROCEDURAL BACKGROUND

On January 19, 2010, McWilliams pleaded guilty, pursuant to a plea agreement, to the third-degree felony of intoxication assault. *See* Tex. Penal Code Ann. § 49.07 (West 2011). The trial court sentenced McWilliams to ten years' confinement; imposed a $1,000 fine; suspended the sentence; and placed McWilliams on community supervision for a period of ten years. On July 22, 2011, the State filed a petition to revoke McWilliams's community supervision. Three months later, the State filed a motion to dismiss its petition to revoke, and the trial court dismissed the petition, continued McWilliams's community supervision, and imposed additional conditions of community supervision.

The State filed a second petition to revoke McWilliams's community supervision on February 4, 2014, alleging that McWilliams had violated multiple conditions of her community supervision. Specifically, the State alleged that McWilliams was ordered by the trial court to submit to supervision by the Supervision with Immediate Enforcement (SWIFT) Court and that she had violated that condition when she was discharged from the SWIFT Court for noncompliance, as follows:

> a. The Defendant failed to install the In-Home monitoring device as court ordered and directed by Tarrant County CSCD in the month of January 2014.

> b. The Defendant failed to submit a urine specimen or a non-diluted urine specimen on or about January 30, 2014 as directed by Tarrant County CSCD.

The State also alleged that McWilliams had violated additional conditions of her community supervision when she failed to pay the supervision fee of $60 or any other amount on the fifteenth day for the various months during the period from April 2010 to January 2014, as listed in the petition (Paragraph 2); failed to install the in-home monitoring device in January 2014 (Paragraph 3);[2] failed to pay for urine testing for eight months during the period from 2012 to 2014 (Paragraph 4); failed to pay for electronic monitoring fees and owed a total balance of $2,425 (Paragraph 5); and failed to obtain or verify employment for July 2012 through January 2014 (Paragraph 6).

At the revocation hearing, McWilliams pleaded "not true" to the allegations in the State's second petition to revoke. After hearing testimony from McWilliams's community supervision officer, McWilliams's SWIFT community supervision officer, and McWilliams, the trial court found the allegations in Paragraphs 1a, 1b, 2, 3, and 4 of the State's second petition to revoke to be true and sentenced McWilliams to four years' confinement.[3]

### III.  NO ABUSE OF DISCRETION

In her sole point, McWilliams argues that the trial court abused its discretion by revoking her community supervision and by sentencing her to four

---

[2]The State notes in its brief that the allegation in Paragraph 1a is repeated in Paragraph 3.

[3]The judgment does not contain findings related to the allegations in Paragraphs 5 and 6 of the State's second petition to revoke.

years' imprisonment.  McWilliams argues that all of the violations alleged in the State's second petition to revoke, other than a single act of failing to submit a urine specimen, were based on her failure to do acts that were founded on financial obligations and that there was no proof that she had the ability to meet those financial obligations.

We review an order revoking community supervision under an abuse of discretion standard.  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.  *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling.  *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).  If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision.  *Cardona*, 665 S.W.2d at 493–94.

The record reveals that the trial court added supplemental conditions of community supervision on September 24, 2012, requiring McWilliams to submit to supervision by the SWIFT Court and to submit a valid, nondiluted, and nonadulterated urine, hair, blood, breath, or saliva sample for testing according to the time and manner directed by the supervision officer.  Two weeks later,

4

McWilliams signed a document entitled "SWIFT Court Warning," which stated that she was required to call the drug-test hotline every weekday and, if selected, to report for testing before 3:00 p.m. that same day. In bold at the bottom of the warning, it stated, "I have read or have had the S.W.I.F.T. program explained to me. I understand also that my probation can be revoked for any violation of probation."

During the revocation hearing, McWilliams's SWIFT community supervision officer testified that McWilliams was discharged from SWIFT for noncompliance, which included failing to submit a urine specimen on January 30, 2014.[4] McWilliams testified that she presented on January 30, 2014, to give a urine specimen but that she left at 1:35 or 1:40 p.m. before giving a sample because her mother had to be at work. On cross-examination, McWilliams admitted that she did not give a urine specimen on January 30, 2014, and that she understood that was a condition of her probation and a condition of the SWIFT order. On appeal, McWilliams does not deny that she failed to submit a urine sample on January 30, 2014. Instead, she argues that "her failure to submit a urine sample was beyond [her] control and [that] she was in fact present and able to submit a sample[;] she just could not stay all afternoon due to her mother[']s work."

---

[4]The record includes a letter from McWilliams's community supervision officer to the trial court stating that McWilliams was discharged from the SWIFT Court for "noncompliance" on January 31, 2014—the day following her failure to provide a urine specimen.

5

Reviewing the evidence in the light most favorable to the trial court's ruling, we hold that the State proved by a preponderance of the evidence that McWilliams violated the condition of her community supervision that required her to submit to supervision by the SWIFT Court when she failed to submit a urine specimen on January 30, 2014. *See Cobb*, 851 S.W.2d at 873; *see also Sanchez v. State*, No. 01-13-00631-CR, 2014 WL 3107659, at *3 (Tex. App.—Houston [1st Dist.] July 8, 2014, no pet.) (mem. op., not designated for publication) (holding that trial court did not abuse its discretion by revoking appellant's community supervision on the ground that he had failed to submit urine samples on four occasions). Accordingly, we hold that the trial court did not abuse its discretion by revoking McWilliams's community supervision and sentencing her to four years' confinement. *See Rickels*, 202 S.W.3d at 763; *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (holding that proof of any one violation is sufficient to support revocation order). We overrule McWilliams's sole point.

## IV. CONCLUSION

Having overruled McWilliams's sole point, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 18, 2014