

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00236-CR

Troy **CURTIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR0800A
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  February 11, 2015

AFFIRMED

Troy Curtis was placed on deferred adjudication community supervision after pleading guilty to the offense of aggravated robbery.  Curtis appeals the trial court's judgment adjudicating his guilt and revoking his community supervision.  On appeal, Curtis challenges the sufficiency of the evidence to support the trial court's findings that he violated the conditions of his probation by committing the offenses of: (1) criminal trespass; and (2) tampering with evidence.  We affirm the trial court's judgment.

## BACKGROUND

Deputy Pete Gamboa was acting in his off-duty capacity as a security officer for the Springhill Apartments when he was notified by the apartment manager that Curtis was on the property without permission. Deputy Gamboa approached Curtis and asked Curtis whether he knew he was not permitted on the property. Curtis acknowledged that he did not have permission. Deputy Gamboa informed Curtis of the criminal trespass signs at the entrance, and then asked if Curtis had anything illegal on him that would poke or prick Deputy Gamboa if he conducted a pat-down. Curtis stated that "he had bought something" and was willing to show Deputy Gamboa where he purchased the drugs. Before Deputy Gamboa had an opportunity to pat-down Curtis, Curtis pulled a substance out of his right sock, pushed Deputy Gamboa back, and swallowed the substance. After Deputy Gamboa secured Curtis, Deputy Gamboa asked him to open his mouth, but Curtis had already swallowed the substance. Based on Deputy Gamboa's experience and training in the identification of narcotics, the substance had the appearance of crack cocaine. Deputy Gamboa arrested Curtis for tampering with evidence.

Based on the arrest, the State filed a motion to enter an adjudication of Curtis's guilt and to revoke his probation. Curtis entered a plea of not true, but the trial court found that Curtis violated the conditions of his probation and adjudicated him guilty of aggravated robbery. Based on its findings, the trial court revoked Curtis's probation, and Curtis appeals the judgment.

## STANDARD OF REVIEW

"Appellate review of an order revoking probation is limited to abuse of the trial court's discretion." *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The burden of proof in probation revocation cases is preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). If the greater weight of credible evidence creates a reasonable belief that a defendant has violated a condition of his probation, a trial court's order revoking the

defendant's probation is not an abuse of discretion. *Id.* at 763–64 (citing *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). Violation of a single condition of probation is sufficient to support revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). When a motion to revoke alleges several violations of probation, the trial court's order revoking probation will be affirmed if the proof on any one of the allegations is sufficient. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

### DISCUSSION

In his second point of error, Curtis contends the evidence is insufficient to support the trial court's finding that he violated a condition of his probation by tampering with evidence. Curtis asserts he was unaware that an investigation was in progress or pending when he swallowed the evidence.

A person commits the offense of tampering with evidence if he knows that an investigation is pending or in progress, and he alters, destroys or conceals any record, document, or thing with the intent to impair its verity, legibility, or availability as evidence. TEX. PENAL CODE ANN. § 37.09(a)(1) (West Supp. 2014); *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008). In order for Curtis to commit the offense, the evidence destroyed does not need to be evidence relating to the investigation in progress as long as the "thing" Curtis destroyed was with the intent to impair its availability as evidence. *See Williams*, 270 S.W.3d at 145. Here, Deputy Gamboa had already approached Curtis and was asking him questions about whether he knew he did not have permission to be on the property. Deputy Gamboa notified Curtis that he indeed did not have permission and specifically made reference to the criminal trespass signs posted at the entrance to the property. In response to questioning, Curtis admitted he did not have permission to be on the property. This evidence is sufficient to establish that Curtis was aware that Deputy Gamboa was in the process of investigating his criminal trespass on the property and to show Curtis swallowed

the substance with the intent to impair its availability as evidence. Accordingly, the evidence supports the trial court's finding that Curtis violated a condition of his probation by tampering with evidence, and Curtis's second point of error is overruled.

In his first point of error, Curtis asserts that there was also insufficient evidence to show that he violated his probation by committing criminal trespass. We have held the evidence is sufficient to support the trial court's finding that Curtis violated his probation by committing the offense of tampering with evidence. *See Sanchez*, 603 S.W.2d at 871 (holding one probation violation is sufficient to support the trial court's order revoking probation).

## CONCLUSION

Because the greater weight of the evidence created a reasonable belief that Curtis violated a condition of his probation, the trial court did not abuse its discretion in adjudicating Curtis's guilt and revoking his probation. *See Rickels*, 202 S.W.3d at 763–64. The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH