**Affirmed as Modified; Opinion Filed November 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01628-CR

**TOREY JABBAR NEWHOUSE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-0758402-L**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Brown
Opinion by Justice Lang

This appeal follows the trial court's revocation of Torey Jabbar Newhouse's community supervision and adjudication of his guilt for a 2007 aggravated robbery with a deadly weapon. In two issues, Newhouse asserts his counsel was ineffective and the evidence is insufficient to support the revocation. We modify the trial court's judgment to reflect the trial court found Newhouse violated seven of the eight conditions alleged by the State and to reflect a deadly weapon finding. As modified, we affirm.

### I. BACKGROUND

Newhouse was placed on ten years' community supervision in March 2009. Diagnosed with "a potentially severe mental illness, most probably a mood and psychotic disorder caused by his past abuse of marijuana dipped in embalming fluid," Newhouse was ordered, as a

condition of supervision, to participate in a "Substance Abuse Punishment Facility Program." Also, upon release from that program, he was ordered to participate in a "drug/alcohol continuum of care treatment plan."

On February 17, 2014, after Newhouse failed to return as directed to the residential program in which he was placed as a part of the "drug/alcohol continuum of care treatment plan," the State moved to revoke Newhouse's community supervision and proceed with adjudication of guilt. The State asserted Newhouse violated condition (x) of the terms of community supervision by going "AWOL" from the residential program and also violated conditions

•(f) by failing to "work faithfully at suitable employment;"

•(h) by failing to pay $236 in court costs and fines;

•(j) by failing to pay $3540 in community supervision fees;

•(k) by failing to pay $50 to Crime Stoppers;

•(m) by failing to pay $230 in urinalysis fees;

•(t) by failing to obtain a "Drug Patch;" and,

•(v) by failing to complete intensive outpatient counseling.

Newhouse pleaded true to the allegations he violated conditions (h), (j), (k), (m), (t), and (v). He pleaded not true to the allegations he violated conditions (f) and (x), and those were tried to the trial court. Following testimony from Newhouse's probation officer Joel Salazar that Newhouse did not report he was working and, while "AWOL," was treated at a psychiatric hospital, the trial court found Newhouse violated all conditions "except X." The trial court revoked Newhouse's supervision, adjudicated his guilt, and sentenced him to twenty-five years' imprisonment.

## II. SUFFICIENCY OF EVIDENCE

Newhouse's sufficiency argument challenges the seven conditions the trial court found he violated. Of those seven, he pleaded true to violating six, and it is his pleas of true to those violations which are the subject of his ineffective assistance of counsel claim. Because a plea of true to one violation is sufficient to support revocation, *see Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015), Newhouse asserts his sufficiency challenge "in reliance that the Court will sustain his ineffective assistance of counsel claim." However, because he pleaded not true to violating condition (f), requiring he "work faithfully at suitable employment," we address the sufficiency issue first to determine if the revocation is supported independent of the alleged ineffective assistance.

### A. Applicable Law

In a community supervision revocation proceeding, the burden of proof lies on the State to establish by a preponderance of the evidence that the defendant violated a condition of his community supervision. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State satisfies this burden when the "greater weight of the credible evidence" before the trial court "create[s] a reasonable belief that the defendant has violated a condition of his [community supervision]." *Rickels*, 202 S.W.3d at 763-64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

### B. Standard of Review

An appellate court reviews a decision to revoke deferred adjudication community supervision and proceed to an adjudication of guilt in the same manner as a decision to revoke ordinary community supervision: for abuse of discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §5(b) (West Supp. 2015); *Hacker*, 389 S.W.3d at 864-65. A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *See Tapia v. State*,

462 S.W.3d 29, 41 n.14 (Tex. Crim. App. 2015). In conducting its review, the appellate court views the evidence in the light most favorable to the trial court's ruling, bearing in mind the trial court is the sole judge of the credibility of the witnesses and the weight to give their testimony. *See Hacker*, 389 S.W.3d at 865; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). The appellate court will conclude no abuse of discretion occurred if the record shows a plea of true to, or proof by a preponderance of the evidence of, any of the alleged violations of the community supervision terms. *See Tapia*, 462 S.W.3d at 31 n.2; *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

### C. Application of Law to Facts

To show Newhouse failed to "work faithfully at suitable employment," in violation of condition (f), the State offered the testimony of probation officer Salazar. Salazar testified each time Newhouse reported to Salazar, he was required to complete a "probation sheet" where he must indicate whether he was working. According to Salazar, each time Newhouse reported, Newhouse "put dashes [i]nstead of not applicable . . . where it asked him for employment." However, Newhouse argues this testimony was insufficient to support the revocation because Salazar also testified that Newhouse was unable to maintain suitable employment due to his mental illness. In making this argument, Newhouse relies on the following portion of trial counsel's cross-examination of Salazar:

> Q. And on February 7th, Timberlawn again discharged [Newhouse] to Terrell [State Hospital], is that correct?
>
> A. Correct.
>
> Q. Now, Mr. Newhouse's medical records also say that because of his medical condition, he's disabled to work; is that correct?
>
> A. Not based on any information that I got from Terrell, no.
>
> Q. I'm not talking about just the Terrell records. You are his supervisor, is that correct?

A.    Correct.

Q.    So that means you have reviewed or you should have reviewed all of his medical records, is that correct?

A.    I'm not able to review every single medical record he has.

Q.    Okay.    But if you would review those medical records and say he is disabled because of his medical condition, that would make him unable to work at suitable employment, is that correct?

A.    If I had seen it, yes.

Contrary to Newhouse's argument, this testimony does not show Newhouse was unable to work due to his mental illness.  Rather, this testimony reflects Salazar agreed that Newhouse would be unable to work if Newhouse's medical records showed he was disabled.  However, no records were given to Salazar for his review, or offered into evidence, showing Newhouse was disabled.  Moreover, Terrell State Hospital was the last hospital in which Newhouse was treated before the State moved to revoke supervision, and Salazar testified he received no information from the hospital indicating Newhouse was disabled.  As the sole judge of the credibility of the witnesses' testimony and the weight to give their testimony, the trial court was free to find Salazar's testimony "create[d] a reasonable belief" that Newhouse failed to work by choice, in violation of condition (f) of his terms of community supervision.  *See Garrett*, 619 S.W.2d at 174.   On the record before us, we conclude the State satisfied its burden of proving, with evidence independent of the pleas of true forming the basis of Newhouse's ineffective assistance claim, that Newhouse violated condition (f) as alleged, and there was no abuse of discretion when supervision was revoked and guilt was adjudicated. Newhouse's second issue is decided against him.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Newhouse asserts his trial counsel was ineffective in advising him to plead true to the allegations he violated conditions (h), (j), (k). (m), (t), and (v). Specifically, he asserts counsel was ineffective for advising him to plead true to the allegations that he violated conditions (h), (j), (k), and (m) by failing to pay court costs, fines, and the various fees when, "[d]ue to his [mental] illness, he was unable to maintain suitable employment." He asserts counsel was ineffective for advising him to plead true to the allegations he violated condition (t) by failing to obtain a drug patch and violated condition (v) by failing to complete intensive outpatient counseling when he was either in the residential program or in the hospital and available to get the patch and receive counseling. Newhouse contends that but for trial counsel's advice to plead true to the specified allegations, he would have pleaded not true and proceeded to a contested hearing on all alleged violations. He further contends that but for the pleas of true, his supervision would not have been revoked because there was insufficient evidence to support the allegations apart from the pleas.

### A. Applicable Law

To prevail on an ineffective assistance of counsel claim, a defendant must show by a preponderance of the evidence both that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687-88; *Smith*, 286 S.W.3d at 340. The second prong requires a showing of a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694; *Smith*, 286 S.W.3d at 340. In the context of a community supervision revocation hearing, where the State alleges,

and the trial court finds true, multiple violations of the terms of community supervision, the defendant must demonstrate reasonable grounds exist to overturn each of the findings of true that led to the revocation of community supervision. *See Smith*, 286 S.W.3d at 342. This is so because "'one sufficient ground for revocation . . . support[s] the trial court's order revoking' community supervision." *See id.* (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978)).

### *B. Application of Law to Facts*

Having concluded the State satisfied its burden of proving, with evidence independent of the pleas of true, that Newhouse violated condition (f) by failing to work and the trial court did not abuse its discretion in revoking supervision on this ground, we necessarily decide Newhouse's ineffective assistance claim against him. To prevail on this claim, Newhouse needed to show the results of the proceeding would have been different had he not pleaded true to the specified violations. *See Smith*, 286 S.W.3d at 340. However, this he cannot do.

### IV. MODIFICATION OF JUDGMENT

Although the trial court did not find Newhouse violated condition (x) of the terms of supervision as the State alleged in its motion, the judgment recites Newhouse violated all terms and conditions of supervision listed in the motion. Further, although the trial court adjudicated Newhouse guilty as "indicted," and the indictment alleged Newhouse used and exhibited a deadly weapon, the judgment does not contain a deadly weapon finding. Because an appellate court has the authority to modify an incorrect judgment to make the record speak the truth, we modify the judgment to (1) show the trial court found Newhouse violated conditions (f), (h), (j), (k), (m), (t), and (v) as set out in the State's motion and (2) reflect "YES, NOT A FIREARM" in the section entitled "Findings on Deadly Weapon:". *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*,

865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

## V. CONCLUSION

As modified, we affirm the trial court's judgment.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
141628F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TOREY JABBAR NEWHOUSE, Appellant

No. 05-14-01628-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F-0758402-L.
Opinion delivered by Justice Lang. Justices Francis and Brown participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment to reflect on page 2, in the paragraph concerning the trial court's findings, as follows:

(5) While on community supervision, Defendant violated the terms and conditions of community supervision by violating conditions (f), (h), (j), (k), (m), (t), and (v) as alleged in the State's Motion to Revoke Probation or Proceed with an Adjudication of Guilt.

We further **MODIFY** the section of the trial court's judgment entitled "Findings on Deadly Weapon" to reflect "YES, NOT A FIREARM."

As **MODIFIED**, we **AFFIRM** the trial court's judgment.

Judgment entered this 30th day of November, 2015.