

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARC LOUIS CHAMPOUX, | § | No. 08-23-00120-CR |
| Appellant, | § | Appeal from the |
| v. | § | 290th Judicial District Court |
| THE STATE OF TEXAS, | § | Of Bexar County, Texas |
| Appellee. | § | (TC# 2021CR5083) |

## O P I N I O N

### BACKGROUND

In two issues, Appellant claims the trial court abused its discretion by revoking his community supervision and adjudicating his guilt.[1] We affirm.

#### *Factual and Procedural Background*

Appellant was placed on ten years' probation for violating a protective order with two prior convictions. Per the terms and conditions of his probation, Appellant was required to submit to drug testing as directed by the trial court, court officer, or supervision officer (Condition No. 2). The State later alleged Appellant violated the terms of his probation and moved to revoke

---

[1] This case was transferred from our sister court in Bexar County, Texas pursuant to the Texas Supreme Court's authority under Chapter 73 of the Government Code. *See* TEX. GOV'T CODE ANN. Section 73. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

Appellant's probation. The State alleged Appellant violated Condition No. 2 by failing to submit to drug testing on or about September 14, 2022.[2]

A revocation hearing was held and Appellant's probation officer, Courtney Villareal, testified. According to Villareal's testimony, she met with Appellant via Zoom on September 14, 2022, and instructed him to submit to drug testing by the end of that week. Villareal testified Appellant indicated he understood he needed to submit to drug testing, but Appellant did not do so. She explained that probationers typically have 24 hours to comply, but it depends on the day, and she usually gives till end of the week. When asked whether she gave Appellant till the end of the week, she responded she did.

Appellant did not submit to drug testing either that day, or by the end of that week. Villareal was asked whether she took notes during her Zoom meeting with Appellant, whether she sent emails, or has any other correspondence to confirm or corroborate she told Appellant he had to submit to drug testing by the end of the week of September 14, 2022. Villareal testified her instruction to Appellant to submit to drug testing by the end of that week was verbal. According to Villareal, she can confirm whether a probationer has submitted to a drug test via the lab website and explained, it "states the day they took the test, what day it went to the lab or what day it was received, what day they tested it, what it was positive or negative for, if it was diluted and what it was positive for. It goes into that detail." There was nothing in the system regarding Appellant submitting to a drug test for the week of September 14, 2022. When asked whether she followed up with Appellant when she saw he had not submitted to a drug test, Villareal responded she did not because that is Appellant's sole responsibility.

___

[2] The State also alleged Appellant violated Condition No. 2 by submitting an invalid sample for drug testing; this allegation was waived. In its third allegation, the State alleged Appellant violated No. Condition 13 by failing to complete 200 hours of community service restitution; the trial court found this not to be true.

According to Appellant's testimony, during his September 14th Zoom meeting with Villareal, she ordered him to submit to drug testing by October 5, 2022. On cross-examination, Appellant confirmed he did not submit to drug testing by October 5, 2022, because he was arrested on September 29, 2022.

The trial court found true that Appellant violated Condition No. 2, revoked his probation, and assessed a sentence of ten years in the Texas Department of Criminal Justice Correctional Institutions Division. This appeal followed.

## DISCUSSION

In Issue One, Appellant argues the State failed to prove he violated the terms of his probation by a preponderance of the evidence. In Issue Two, Appellant contends he was denied due process because according to Appellant, the trial court revoked his probation on factors not alleged by the State. We disagree.

### *Standard of Review and Applicable Law*

We review a trial court's order revoking probation for an abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc). In reviewing a revocation order, we view the evidence in a light most favorable to the verdict, giving deference to the trial court's credibility determinations and to the findings of the violations as true or not. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). The central issue to be determined in reviewing a trial court's discretion in probation revocation cases is whether the probationer was afforded due process of law as guaranteed by the Fourteenth Amendment of the U.S. Constitution. *Cardona*, 665 S.W.2d at 494.

In probation revocation cases, the State must prove by a preponderance of the evidence that a condition of supervision was violated. *Id*. at 493. "Proof of a single violation is sufficient."

3

*Hardee v. State*, No. 04-22-00209-CR, 2023 WL 4854837, at *1 (Tex. App.—San Antonio July 31, 2023) (mem. op.); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). This burden is satisfied when the greater weight of the credible evidence creates a reasonable belief that a condition of probation has been violated. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006) (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App.1974)).

On appeal, Appellant must successfully challenge each violation and present facts to show reasonable grounds exist to overturn the trial court's findings of true that led to his adjudication. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

*Analysis*

**ISSUE ONE**

In Issue One, Appellant argues the State failed to prove he violated the terms of his probation by a preponderance of the evidence. As articulated above, the State alleged Appellant violated Condition No. 2 on or about September 14, 2022. At the revocation hearing, Villareal testified that on September 14, 2022, she met with Appellant via Zoom and verbally told him to submit to drug testing by the end of that week, and he understood that he had to do so. Appellant did not do so. She explained she can verify if a probationer has submitting to drug testing by checking the laboratory's website, which did not reflect that Appellant had submitted to drug testing. Appellant, on the other hand, testified Villareal gave him until October 5, 2022—not by end of the week of September 14, 2022—to submit to drug testing, but he failed to do so because he was arrested on September 29, 2022. This was purely a matter of credibility before the factfinder. Accordingly, the trial judge was the sole trier of fact, and we must defer to its determinations of the credibility of the witnesses and the weight to be given to their testimony. *Gutierrez v. State*, No. 14-09-01034-CR, 2010 WL 4892310, at *2 (Tex. App.—Houston [14th

4

Dist. 2010) (mem. op.). Accordingly, because a single violation of the terms of probation is sufficient to revoke probation, the State met its burden, and the trial court did not abuse its discretion. *See id.* ("The question of whom to believe is a credibility issue; we must conclude the trial court's implied finding that appellant's story was not believable."); *see also Moore*, 605 S.W.2d at 926. Issue One is overruled.

## ISSUE TWO

In Issue Two, Appellant argues he was denied due process because he was "denied written statements by the fact finder as to the evidence relied on and the reasons for revoking probation." Appellant emphasizes that probationers should be afforded fair notice of the violations alleged and of the violations the trial court relied upon in revoking probation, and we agree. The crux of Appellant's argument, however, is that the trial court's decision to revoke his probation was unduly influenced by a pending murder charge against him. Appellant also points our attention to an "additional 160 pages in the State's Exhibit list that are part of this appellate record and that would have readily [been] available to the Trial Court."[3] Appellant is referring to State's Exhibit 1, which was admitted without objection at the bond reduction hearing, not the revocation hearing.

Appellant argues the exhibit "would have [been] readily available to the Trial Court. This is especially eviden[t] since the pending Murder charge was set for trial the following month before the same Trial Court." According to Appellant, "it strains credibility to think that [the murder charge] had no prejudicial effect" on the trial court's decision to revoke his probation, but he neglects to point to anything in the record to confirm this.

---

[3] We note that Appellant designated this complained of exhibit on appeal, but we ultimately conclude it is outside the appellate record because it was not admitted or entered at the revocation hearing, which is the matter at hand on appeal.

The complained of exhibit was not admitted or entered at the revocation hearing. The revocation hearing was heard before the Honorable Jennifer Pena of the 290th Judicial Criminal District Court of Bexar County, Texas, and the bond reduction hearing was heard before the Honorable Andrew W. Carruthers of the 290th Judicial Criminal District Court of Bexar County, Texas. The exhibit index is not germane to the order being challenged on appeal—the judgment revoking Appellant's probation—and to reiterate, it was not admitted or entered at the revocation hearing. We will not speculate as to what the trial court could have based its decision upon, especially considering the complained of exhibit was neither admitted nor entered at the revocation hearing, and thus, was not part of the revocation hearing record, and the trial court plainly set out its basis for revocation—violation of Condition No. 2. *See* TEX. R. APP. P. 38.1(i). Our review has failed to uncover any extraneous material the trial judge considered outside the revocation hearing record.

In any case, we find Appellant was afforded due process. As part of the terms of Appellant's probation, Appellant was required to submit to drug testing as directed by the trial court, court officer, or supervision officer (Condition No. 2). The State alleged Appellant violated Condition No. 2 by failing to submit to drug testing on or about September 14, 2022. As articulated above, at trial, it became a matter of Villareal's word against Appellant's. The trial court, as the ultimate factfinder of credibility determinations, concluded Appellant violated Condition No. 2 as alleged by the State. The revocation judgment contained the following: "Conditions Violated: 2 AS SET OUT IN THE STATE'S MOTION TO REVOKE." Appellant himself acknowledges this in his appellate brief, in which he provides, "On February 28, 2023, the Trial Court found a single technical violation against Appellant for failing to submit to drug testing on September 14, 2022." Appellant was afforded notice of the State's allegations, and the revocation judgment specifically

6

provides the ground for revocation—violation of Condition No. 2. Due process was satisfied. Issue Two is overruled.

## CONCLUSION

For these reasons, we affirm.

YVONNE T. RODRIGUEZ, Chief Justice

August 16, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)